**Myron MYERS, Appellant,**

v.

**Elizabeth M. RIBBLE, Appellee.**

**No. 05–89–00830–CV.**

Court of Appeals of Texas,
Dallas.

July 27, 1990.

J. Darlene Ewing, Dallas, for appellant.
Mary Sue Black, Dallas, for appellee.

Before HOWELL, LAGARDE and
THOMAS, JJ.

OPINION

HOWELL, Justice.

This is an appeal from a trial court order
enforcing a Florida divorce decree. In

three points of error, appellant, Myron Myers (Husband), asserts that: (1) the Florida decree was not a final judgment subject to enforcement by the courts of Texas; (2) there was no evidence to support the motion for summary judgment filed by appellee, Elizabeth M. Ribble (Wife); and (3) the Florida decree was not properly registered and, therefore, was not subject to enforcement. Because we find that the Florida decree was not a final judgment and thus was not subject to enforcement by the courts of Texas, we reverse the judgment of the trial court.

In 1988, Wife filed a "Petition for Enforcement of Foreign Judgment" requesting that, pursuant to article IV, section 1 of the United States Constitution and chapter 35 of the Texas Civil Practice and Remedies Code, the Texas courts "recognize, confirm, and enforce" a 1987 Florida divorce decree. The Florida decree was entitled "Final Judgment of Dissolution of Marriage." In her petition, Wife characterized Husband as the "judgment debtor" and prayed for a lump sum of $89,963 plus accrued alimony, both provided for in the Florida judgment. The court below thereafter signed an "Order For Domestication"[1] which directed the District Clerk to "issue all writs and or processes as may be requested by the Petitioner to enforce [the Florida judgment], as if the same were a judgment of this Court." Wife thereafter filed a motion for summary judgment seeking enforcement of the Florida judgment. Husband was not represented by counsel, he filed no controverting affidavit, and the trial court granted judgment to Wife.

█ Only *final* judgments from other jurisdictions are entitled to the same force and effect as Texas judgments. *See Medical Adm'rs, Inc. v. Koger Properties, Inc.,* 668 S.W.2d 719, 721 (Tex.App.—Houston [1st Dist.] 1984, no writ) (it is fundamental that a state must give the *final* judgment of a sister state the same force and effect as it is entitled to in the state in which it is rendered); *Simonsen v. Simonsen,* 414 S.W.2d 54, 56 (Tex.Civ.App.—Amarillo 1967, no writ) (in order for a judgment of another state to come within the full faith and credit clause of the United States Constitution, it must be a *final,* valid, subsisting judgment).

█ In the Florida order which Wife sought to enforce, the court reserved "jurisdiction for the purpose of determining attorneys fees and court costs." Thus, it is apparent from its face that the Florida decree is not a final judgment. *See Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956) (to be final, a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy); *Starr v. Starr,* 690 S.W.2d 86, 88 (Tex.App.—Dallas 1985, no writ) (to be final, a judgment must dispose of all parties and all issues and leave nothing in the suit for further decision except as necessary for carrying the decree into effect).

Wife contends that under Florida law, retention of jurisdiction over attorneys' fees and costs does not affect the finality of the judgment. The authority cited by Wife for this contention is as follows:

**Attorney's fees, suit money, and costs.**

The court may from time to time, after considering the financial resources of both parties, *order* a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may *order* that the

---

1. Chapter 35 of the Civil Practice and Remedies Code provides for the "enforcement" of foreign judgments. It sets up procedures through which a copy of a foreign judgment may be filed with the clerk of a Texas court, and it states that the clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the judgment is filed. Tex.Civ.

Prac. & Rem.Code Ann. § 35.003(a), (b) (Vernon 1986). However, chapter 35 does not specifically provide for "domestication" of a foreign judgment. Apparently, the "Order For Domestication" was the form used by the trial court to give formal recognition to the filing of the Florida judgment.

amount be paid directly to the attorney, who may enforce the order in his name. FLA.STAT.ANN. § 61.16 (West 1985) (emphasis added). This statute merely authorizes the court to determine who pays the attorneys' fees and other costs of a suit; it in no way provides that a judgment can be final despite the trial court's retention of jurisdiction over such costs.

Wife cites *Medical Administrators* for the proposition that "a judgment otherwise disposing of all issues between the parties is not rendered interlocutory if further proceedings may be required to carry the judgment into effect." *See Medical Adm'rs*, 668 S.W.2d at 722. *Medical Administrators* considered the Florida judgment in that case to be final even though the Florida trial court reserved jurisdiction "to consider additional attorneys' fees incurred in supplemental proceedings to effectuate execution and collection." *Medical Administrators* is distinguishable because the trial court there only retained jurisdiction over *future* proceedings to effectuate execution, not, as here, over attorneys' fees and costs incurred in connection with the primary dispute. We sustain Husband's first point of error.

■ Because Husband failed to file a controverting affidavit in the trial court, Wife asserts that Husband did not preserve his point of error attacking the finality of the Florida judgment and that, therefore, he cannot raise it on appeal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Wife characterizes the finality issue as an affirmative defense for which Husband had the burden of proof. There is authority for this view. When a foreign judgment *appears* to be a valid, *final*, and subsisting judgment, its introduction makes a prima facie case for the party seeking to enforce it, and the burden is on the party resisting the judgment to establish that it is not final and subsisting. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975). Nevertheless, we find the facts in the case at bar distinguishable because here the Florida judgment did not "appear" to be a final judgment; it was apparent from its face that the Florida court had reserved jurisdiction over attorneys' fees and court costs. Therefore, we hold that in this particular case, as part of her prima facie case, Wife had the burden to show that the Florida decree was a final judgment. *Clear Creek* addresses the issue of preserving error for appeal in a summary judgment setting, such as here, where the movant has filed no response:

> While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal.

*Clear Creek*, 589 S.W.2d at 678 (emphasis in original). Consequently, it follows that we can affirm the trial court judgment only if Wife, as the movant for summary judgment, established all elements of her cause of action, including the finality issue, *as a matter of law*.

■ Wife contends that the finality question had been disposed of by the "Order for Domestication" that was signed before she filed her motion for summary judgment and that such order had already become "res judicata." We do not agree. The domestication order provided: "It is therefore ORDERED, ADJUDGED and DECREED that the Clerk of this Court be hereby directed to issue all writs and or processes as may be requested by the Petitioner to enforce such judgment *as if the same were a judgment of this Court*." (Emphasis added.) If the effect of the domestication order was to transform the Florida judgment into a Texas judgment, then it transformed the nonfinal Florida judgment into a *nonfinal* Texas judgment.[2] We hold that Wife's motion for summary

2. If we consider the provisions of chapter 35, either in addition to or instead of the terms of the "Order of Domestication," we reach the same result because a filed foreign judgment has the same effect and is subject to the same defenses as a judgment of the court in which it

judgment was insufficient as a matter of law because she failed to establish the "finality" element of her prima facie case.

Wife also asserts that Husband failed to request that enforcement of the Florida judgment be stayed and failed to appeal the domestication order. She argues that Husband failed to invoke the stay provisions of the statute. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 35.003(c), 35.006(b) (Vernon 1986).[3] She also contends that Husband cannot complain to this court of the domestication order because it was not appealed. We are not certain that the domestication order was appealable. However, since we have held that the order did not establish "finality" of the Florida judgment, it follows that neither the claim that Husband had the burden to seek a stay nor the question of appealability needs to be decided.

We hold that the trial court erred in granting Wife's motion for a summary judgment. We reverse and remand for proceedings consistent with this opinion.

is filed. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1986).

**3.** Section 35.003(c) provides that a filed foreign judgment is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a Texas judgment. Section 35.006(b) allows the debtor to obtain a stay of a foreign judgment by showing a ground on which enforcement of a judgment of the court of this state would be stayed. However, the legislature neglected to include in the statute a procedure by which the debtor might assert such defenses or seek a stay of enforcement. As noted by the Houston Court of Appeals, this omission creates a procedural quandary for the debtor. *See Schwartz v. F.M.I. Properties Corp.,* 714 S.W.2d 97, 100 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In this appeal, we need not determine what exact procedure, if any, can be used to seek a stay of enforcement.