William C. DEAR and William C. Dear & Associates, Inc., Appellants,

v.

Barbara RUSSO, Appellee.

No. 05–96–01450–CV.

Court of Appeals of Texas, Dallas.

July 29, 1998.

Charles R. McConachie, Simpson, Woolley & McConachie, L.L.P., Dallas, for appellant.

Joseph E. Ackels, Ackels & Ackels, L.L.P., Dallas, for appellee.

Before MORRIS, JAMES and BRIDGES, JJ.

## OPINION

MORRIS, Justice.

This case involves questions about the finality of a foreign judgment filed in Texas under the Uniform Enforcement of Foreign Judgments Act. In five points of error, William C. Dear contends the trial court erred in holding that the foreign judgment he filed was not final. We conclude that Dear failed to meet his burden to show the judgment's finality because he neither filed a facially final foreign judgment nor made a separate showing that the judgment he filed was final. Accordingly, we affirm the trial court's judgment.

### FACTUAL BACKGROUND

In late 1994, William C. Dear initiated this foreign judgment enforcement action in a Dallas County district court under the Uniform Enforcement of Foreign Judgments Act. Dear was named in the judgment and purportedly was the judgment creditor of Barbara Russo, appellee. Pursuant to the Uniform Act, Dear filed an affidavit and a notice of filing the foreign judgment together with copies of an Ohio judgment and an Ohio order denying a motion to dismiss in the case. William C. Dear & Associates, Inc., a named appellant here, was not made a party to the district court action.

Russo, responding to Dear's action, filed a motion to vacate or stay enforcement of the Ohio judgment on several grounds, including its lack of finality. In July 1996, the trial court signed its judgment holding the Ohio judgment was not final and was unenforceable as written. Dear brings this appeal challenging the trial court's judgment.

### DISCUSSION

■ When a final foreign judgment is properly filed under the Uniform Act, the filing has the effect of initiating an enforcement proceeding and instantly rendering a final judgment in Texas. *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex.App.—Dallas 1991, no writ); TEX. CIV. PRAC. & REM.CODE ANN. § 35.003 (Vernon 1997). It is axiomatic, however, that only final judgments are entitled to enforcement. *Myers v. Ribble*, 796 S.W.2d 222, 224 (Tex.App.—Dallas 1990, no writ). The filing of a non-final foreign judgment under the Uniform Act does not create a final judgment in Texas subject to enforcement. *See id.*

■ Where a foreign judgment appears to be a final, valid, and subsisting judgment, its filing makes a prima facie case for the party seeking to enforce it. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975). The burden then shifts to the party resisting the judgment to establish that the judgment is not final and subsisting. *Id.* In this case, Dear relies on this rule of law to contend in his second, third, fourth, and fifth points of error that the trial court erred in declaring the Ohio judgment unenforceable. Dear argues that Russo failed to establish that the Ohio judgment was not final. In making this argument, however, Dear fails to address whether he met his initial burden of filing a foreign judgment that appeared final on its face. *See Myers*, 796 S.W.2d at 224; *see also*

*Simonsen v. Simonsen,* 414 S.W.2d 54, 56 (Tex.Civ.App.—Amarillo 1967, no writ).

The Ohio judgment filed by Dear is captioned *William Dear, et al. v. Barbara Russo.* The body of the judgment, however, recites that the jury returned a verdict in favor of the "plaintiff." The judgment does not specify which plaintiff received the favorable verdict nor does it identify the other plaintiff or plaintiffs referenced by the term *"et al."*

▮ In examining whether the Ohio judgment appears final and enforceable, we cannot rely on Texas law as it relates to the requirements for final judgments or any presumption that Texas law is the same as Ohio law. *See Fuhrer v. Rinyu,* 647 S.W.2d 315, 318 (Tex.App.—Corpus Christi 1982, no writ). To do so would make every foreign judgment vulnerable to a showing that it fails to comply with Texas requirements even though it otherwise is a proper final judgment in the rendering state. *See Dowden v. Fischer,* 338 S.W.2d 534, 538 (Tex.Civ.App.— Waco 1960, no writ). By the same token, a judgment that is not final in a sister state should not become enforceable in Texas simply by virtue of its being filed here. *See Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 794 (Tex.1992) (full faith and credit not required when decree is interlocutory or subject to modification under law of the rendering state).

Because the Ohio judgment reflects that there was more than one plaintiff, but recites that a verdict was rendered in favor of only one plaintiff, the judgment does not appear to dispose of all the parties to the suit. Under Ohio law, an order that adjudicates the rights and liabilities of fewer than all the parties may, under certain circumstances, be considered final and appealable. *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381, 1385 (1989). To be final, however, the order must specifically state "there is no just reason for delay." *Id.* It is this language that puts the parties on notice that the order has

become final for purposes of appeal. *Id.* The judgment at issue here does not contain this language. Accordingly, the judgment does not appear final under the law of the rendering state. *See id.*

Because the Ohio judgment does not appear final on its face, Dear's filing of the judgment under the Uniform Act did not create a prima facie showing that it was valid and enforceable in Texas. Russo specifically challenged the finality of the judgment in her motion to stay or vacate the judgment's enforcement. The judgment's finality having been challenged, Dear bore the burden of showing that the judgment was final. *Cf. Myers,* 796 S.W.2d at 224.

In his brief to the trial court, Dear strenuously argued that the validity of a foreign judgment depends on the law of the state in which it was rendered. Yet, Dear cited no Ohio authority to the trial court, nor does he to this Court, to support his contention that his judgment is final and enforceable.[1] Instead, Dear relies solely on the fact that Russo has cited no Ohio authority for the converse proposition. Because it was Dear's burden to show the finality of the judgment in the first instance, his reliance on Russo's alleged failure to prove a lack of finality is misplaced.

As an exhibit to his brief to the trial court, Dear attached an Ohio "Certificate of Judgment for Lien for Transfer" issued by an Ohio court clerk. Dear argued that the document demonstrated the judgment was valid and proper. Yet, once again, Dear cited no authority stating that this particular document conclusively proves the finality of the judgment to which it refers. Additionally, as an exhibit to a motion filed in the trial court, Dear submitted an order from the Ohio trial court purporting to correct various errors in the judgment, specifically the judgment's failure to name or dispose of a second plaintiff, William C. Dear & Associates, Inc. Rather than proving the finality of the judgment, however, the order tends to show that the

---

1. In his fifth point of error, Dear contends the trial court erred in applying Texas law to determine that the Ohio judgment was not final. Nowhere does the trial court indicate, however, what law it applied to reach its conclusions. The

court could have concluded that, by failing to cite any Ohio authority, Dear failed to meet his burden of proof to show the judgment's finality under that state's laws.

judgment, standing alone, was insufficient to be considered final in the first instance and, therefore, needed correction.[2] After examining the record, we conclude Dear failed to meet his burden to show the Ohio judgment was final. We overrule Dear's second, third, fourth, and fifth points of error.

■ In his first point of error, Dear contends the trial court was without jurisdiction to grant the relief sought by Russo because Russo's motion to vacate or stay the Ohio judgment was overruled by operation of law seventy-five days after the judgment was entered in Texas by virtue of its filing under the Uniform Act. Dear's argument is premised on the fact that, in general, a challenge to the enforcement of a foreign judgment in Texas under the Uniform Act is in the nature of a postjudgment proceeding. *Moncrief,* 805 S.W.2d at 22–23. A motion filed to contest the recognition of a foreign judgment will operate as a motion for new trial. *Id.* at 23. Dear argues that, under this general rule, Russo's motion to vacate or stay enforcement of the Ohio judgment operated as a motion for new trial. Therefore, according to Dear, Russo was obligated to obtain a written order on her motion within seventy-five days after the judgment was filed in Texas. *See* Tex.R. Civ. P. 329b(c). Because Russo failed to obtain such an order, Dear argues the motion was overruled by operation of law and the trial court lost jurisdiction to render the judgment being appealed here. Tex.R. Civ. P. 329b(c); *Moncrief,* 805 S.W.2d at 24.

Challenges to foreign judgments filed under the Uniform Act are generally in the nature of postjudgment proceedings because the filing of the foreign judgment instantly creates a judgment enforceable in Texas. *Moncrief,* 805 S.W.2d at 22. As stated above, however, for a foreign judgment to be final and enforceable in Texas under the Uniform Act, the judgment must first be

final and enforceable in the rendering state. *See Myers,* 796 S.W.2d at 224.

■ Because Dear filed a facially non-final foreign judgment, he bore the initial burden of proving the judgment's finality. He failed to do so. Dear's filing of the Ohio judgment, therefore, never created a final Texas judgment. Without a final judgment in place, the timetables and deadlines applicable to postjudgment proceedings, including motions for new trial, are inapplicable. We overrule Dear's first point of error.[3]

We note that in connection with her appellate brief, Russo requests us to dismiss this appeal. Russo asserts two grounds for dismissal. First, she argues that William C. Dear & Associates, Inc. should be dismissed as a party to the appeal because it was not a party to the trial court's judgment below. We agree.

■ Persons who are strangers to a judgment have no right to seek review on appeal. *Stroud v. Stroud,* 733 S.W.2d 619, 620 (Tex. App.—Dallas 1987, no writ). Those with standing to bring an appeal include only those persons who are named as parties or, under certain circumstances, those whose interests are represented by a party of record. *Id.* William C. Dear & Associates, Inc. was never a named party to this enforcement action. Moreover, there is no indication in the record that it was virtually represented by a named party. *See Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ). We grant Russo's motion to dismiss William C. Dear & Associates, Inc. from the appeal.

■ Russo also asks us to dismiss the appeal in its entirety because Dear failed to provide us with a sufficient record. At the time this appeal was filed, it was the appellant's burden to provide a sufficient record showing error that requires reversal. *See*

---

2. It is unclear whether Dear filed the Ohio order correcting the judgment in an attempt to "supplement" the original judgment filed under the Uniform Act. While arguably the two documents read together create a final judgment, the order was filed merely as an exhibit to a motion. Because the filing of the order did not meet the necessary procedural requirements of the Uniform Act, it cannot be considered part of the

judgment sought to be enforced. Tex. Civ. Prac. & Rem.Code Ann. §§ 35.003, 35.004 & 35.007 (Vernon 1997).

3. Because we have overruled Dear's points of error, it is unnecessary for us to address Russo's cross-point of error. Tex.R.App. P. 47.1.

TEX.R.APP. P. 50(d) (former rule) (current version at TEX.R.APP. P. 35.3). A failure to submit a sufficient record on appeal may result in the application of certain presumptions, or even the overruling of a point of error that the missing material is alleged to support. *See, e.g., Feldman v. Marks,* 960 S.W.2d 613, 614 (Tex.1996). Russo cites no authority, however, and we have found none, to support her contention that an insufficient record requires dismissal of the appeal in its entirety. We deny Russo's motion to dismiss this appeal with respect to William C. Dear.

We affirm the trial court's judgment.