Richard HERNANDEZ, Jr., Appellant,

v.

**SEVENTH DAY ADVENTIST CORP.,
LTD., d/b/a Hong Kong Adventist
Hospital, Appellee.**

No. 04–00–00584–CV.

Court of Appeals of Texas,
San Antonio.

May 16, 2001.

John D. Wennermark, Wennermark &
Richter, P.L.L.C., Michael T. La Hood,

Law Office of Michael T. La Hood, San Antonio, for Appellant.

Steven M. Gross, Law Offices of Steven Gross, San Antonio, for Appellee.

Sitting ALMA L. LÓPEZ, PAUL W. GREEN and KAREN ANGELINI, Justices.

## OPINION

PAUL W. GREEN, Justice.

Richard Hernandez appeals the trial court's denial of his motion to vacate a foreign judgment entered against him. Hernandez argues Texas should not recognize the judgment. Specifically, Hernandez complains the trial court erred in finding the Hong Kong judgment to be final and erred in finding Hernandez had waived his authentication challenge to the judgment by failing to file the challenge timely. We affirm in part and reverse and remand in part.

### Facts

Hernandez received medical care from the Hong Kong Hospital (HK Hospital). After Hernandez's insurance company went into receivership, HK Hospital sought payment from Hernandez. Eventually, HK Hospital employed legal means to obtain compensation, and in December 1999, the High Court of Hong Kong rendered judgment against Hernandez, ordering he pay $222,243.00, plus interest. Three months later in Texas, HK Hospital filed a copy of the Hong Kong judgment and a Notice of Filing Foreign Judgment under the Uniform Foreign Country Money Judgment Recognition Act ("Foreign Country Recognition Act"). Notice of this filing was served on Hernandez.

Four months later, HK Hospital requested the trial court order Hernandez to turn over property to satisfy the judgment.

Hernandez then filed a motion to vacate the Hong Kong judgment, claiming HK Hospital failed to satisfy the statutory prerequisites to invoke the Foreign Country Recognition Act because HK Hospital did not file a final, authenticated judgment. Alternatively, Hernandez raised a statutory defense to judgment recognition, the lack of a reciprocity agreement between Texas and China. The trial court denied Hernandez's motion, finding the Hong Kong judgment was final and Hernandez's complaints were waived for failure to raise them timely.

### Foreign Country Recognition Act

■ To seek recognition of a foreign country judgment in Texas, a judgment creditor may file a final, authenticated copy of the foreign judgment in the judgment debtor's county of residence ("the Texas filing") and serve the judgment debtor with notice of the Texas filing. TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.002, 36.004, 36.0041–42 (Vernon 1997). The Texas filing symbolizes both a plaintiff's original petition and a final judgment: the filing initiates the recognition proceeding, but also instantly creates an enforceable Texas judgment. *See Dear v. Russo*, 973 S.W.2d 445, 446 (Tex.App.—Dallas 1998, no pet.) (interpreting the statute governing the enforcement of judgments from other states).

Courts have interpreted the Foreign Country Recognition Act to provide that Texas will recognize a foreign country judgment if four conditions are met: (1) the judgment is final, conclusive, and enforceable where rendered; (2) an authenticated copy of the judgment is filed in the judgment debtor's county of residence; (3) notice of the filing is given to the judgment debtor; and (4) none of the defenses provided in TEX. CIV. PRAC. & REM.CODE ANN. § 36.005 apply. *Reading & Bates Constr.*

*Co. v. Baker Energy Res. Co.*, 976 S.W.2d 702, 706 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) (citing TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.002, 36.004, 36.0041). The Foreign Country Recognition Act provides a judgment debtor may, within 30 days of receiving notice of the Texas filing, contest recognition on certain enumerated grounds. TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.0044, 36.005.

■ In his first point of error, Hernandez challenges the trial court's finding that the Hong Kong judgment is final. The filing of a final foreign country judgment is necessary to invoke the recognition procedures of the Foreign Country Recognition Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 36.002, 36.004, 36.0041; *see Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied) (determining whether foreign judgment was final before holding motion to modify was filed untimely). In determining finality for purposes of the Foreign Country Recognition Act, we consider whether the judgment is final according to the laws of the foreign country. *See Dear*, 973 S.W.2d at 446 (holding the judgment was not facially final because it disposed of only one of multiple plaintiffs). In a finality challenge, the judgment debtor bears the burden of producing evidence demonstrating the judgment is not final if the judgment is facially final. *See id.* If the judgment is not facially final, the judgment creditor bears the burden of producing evidence demonstrating the judgment is final. *See id.*

■ In this case, the trial court found the Hong Kong judgment to be final for purposes of the Foreign Country Recognition Act. Hernandez presented no evidence other than the judgment's lack of a registrar's signature to demonstrate the judgment was not facially final according to Hong Kong law. Giving appropriate deference to the trial court, we affirm the trial court's finding of finality. *See, e.g., Myers v. Ribble*, 796 S.W.2d 222, 224 (Tex. App.—Dallas 1990, no writ); *Simonsen v. Simonsen*, 414 S.W.2d 54, 56 (Tex.Civ. App.—Amarillo 1967, no writ). We overrule Hernandez's first point of error.

In his second point of error, Hernandez challenges the ruling that he waived his authentication challenge for failure to file it timely. Authentication, like finality, is a statutory prerequisite to obtaining recognition under the Foreign Country Recognition Act.[1] In this case, until it is determined that HK Hospital meets the statutory prerequisites, the 30 day limitation on Hernandez's right to raise statutory defenses and the 30 day limitation on the trial court's plenary power to act does not begin to run. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 36.0044; TEX.R. CIV. P. 329b(f). Therefore, before the trial court can find Hernandez waived his challenge, it must first determine whether HK Hospital invoked the Foreign Country Recognition Act by satisfying the authentication prerequisite to the Act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.002, 36.004, 36.0041; *see Jack H. Brown & Co.*, 665 S.W.2d at 220.

---

1. TEX. CIV. PRAC. & REM CODE ANN. §§ 36.002, 36.004, 36.0041; *see Jack H. Brown & Co. v. Northwest Sign Co.*, 665 S.W.2d 219, 220 (Tex.App.—Dallas 1984, no writ) (holding sister statute is not invoked until prerequisite of authentication is met by judgment creditor). Further demonstrating that authenticity is a prerequisite to invoking the statute, rather than a ground for challenging recognition once the Act is invoked, is the fact that "lack of authentication" is not listed among the enumerated statutory defenses governed by the 30 day deadline to contest recognition. TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.0044, 36.005.

338

Because authentication, like finality, is required to invoke the Foreign Country Recognition Act, we hold the trial court erred in denying Hernandez's motion to vacate on the ground the authentication challenge was waived for failure to file it timely. We reverse the trial court's denial of Hernandez's motion to vacate and remand to the trial court with instructions to consider Hernandez's authentication challenge. We do not reach Hernandez's third point of error.

*Conclusion*

We affirm the trial court's finding of finality and reverse and remand to the trial court for consideration of Hernandez's authentication challenge to the Hong Kong judgment.