**Barbara RUSSO, Appellant,**

v.

**William C. DEAR and William C. Dear & Associates, Inc., Appellees.**

No. 05–02–00324–CV.

Court of Appeals of Texas, Dallas.

March 4, 2003.

Opinion Overruling Rehearing May 28, 2003.

Joseph Ackels, Ackels and Ackels, Dallas, for Appellant.

Charles R. McConachie, Simpson, Woolley & McConachie, L.L.P., Dallas, for Appellee.

Before Chief Justices THOMAS, CORNELIUS,[1] and BOYD.[2]

## OPINION

Opinion by Chief Justice CORNELIUS (Retired).

This case involves a suit to enforce a foreign judgment. Barbara Russo appeals from a district court judgment giving full faith and credit to an Ohio judgment filed in Texas pursuant to chapter 35 of the Texas Civil Practice and Remedies Code. We affirm.

In 1987, Russo hired William C. Dear, Jr., a private investigator, to investigate a friend's death. Dear's investigation took

---

1. The Honorable William J. Cornelius, Chief Justice, retired, Sixth District Court of Appeals, Texarkana, Texas, sitting by assignment.

2. The Honorable John T. Boyd, Chief Justice, retired, Seventh District Court of Appeals, Amarillo, Texas, sitting by assignment.

him to Ohio. In 1990, Russo sued Dear in Texas for overcharging her and for acting fraudulently and negligently in his investigation. Dear filed a counterclaim against Russo for slander and notified his insurance carrier [3] of her suit.

On October 7, 1992, shortly before the trial was held in the Texas suit, Dear sued Russo in Ohio, alleging causes of action for libel, slander, and interference with business. Russo appeared with counsel in the Ohio suit and filed a motion to dismiss based in part on lack of personal jurisdiction, res judicata, and collateral estoppel. Specifically, Russo argued that Dear was precluded from litigating his claims in Ohio because he could or should have raised them in his counterclaim in the Texas suit. Dear responded, and the trial court held a hearing. On November 16, 1993, the Ohio trial court denied Russo's motion to dismiss, stating: (1) Russo had sufficient minimum contacts with Ohio for the trial court to have personal jurisdiction over her, and (2) because the bases for Dear's slander claim in Ohio were not in existence at the time he filed his answer in the Texas suit, his counterclaim in Texas was not compulsory, and his failure to assert the same slander claim in Texas did not preclude his assertion of it in a later suit in Ohio. The Ohio case was set for a jury trial. In October 1994, Dear appeared in the Ohio court for trial, but Russo did not. Dear sought and recovered a postanswer default judgment against Russo. Russo did not file a direct appeal of the Ohio judgment.

Dear then sought to enforce the Ohio judgment in Texas pursuant to chapter 35 of the Texas Civil Practice and Remedies Code. Russo responded with a motion to vacate or stay execution of the Ohio judgment based in part on lack of finality. In July 1996, the Texas trial court rendered judgment declaring the Ohio judgment not final, and this Court affirmed. *See Dear v. Russo*, 973 S.W.2d 445 (Tex.App.-Dallas 1998, no pet.).

In response to this Court's opinion, Dear obtained two nunc pro tunc orders from the Ohio trial court, one dated June 11, 1996 and the other dated February 19, 1996. Dear then again sought to enforce the Ohio judgment in Texas. Russo responded with another motion to dismiss or stay execution of judgment, alleging lack of finality, res judicata, and collateral estoppel. In the alternative, she filed a motion for new trial, asserting that the Ohio court lacked personal and subject matter jurisdiction, the Ohio judgment was not final, the judgment was barred by res judicata and collateral estoppel, and that she had received no notice of the Ohio trial court's final hearing on Dear's motion for the postanswer default judgment. The Texas trial court granted Russo's motion to dismiss, and Dear appealed. This Court reversed and remanded for further proceedings, holding that the nunc pro tunc orders made the Ohio judgment final. *See Dear v. Russo*, No. 05–99–01756–CV, 2001 WL 953396 (Tex.App.-Dallas Aug.23, 2001, no pet.) (not designated for publication). This Court also held that Ohio law did not require its trial court to provide Russo with either notice of the hearing on the postanswer default judgment or notice

---

**3.** The insurer agreed to defend Dear and, by 1991, it entered into an agreed settlement with Russo on her claims, notwithstanding Dear's refusal to consent to the settlement. In 1993, unhappy with how his insurer handled Russo's claims, Dear sued his insurance company. The company obtained a summary judgment in that case, and this Court affirmed. *See Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908 (Tex.App.-Dallas 1997, writ denied). Dear's counterclaim, however, was tried to a jury, which returned a verdict in favor of Russo.

that it was issuing the nunc pro tunc orders. *See id.*

On remand from this Court, the trial court held a hearing on Russo's previously filed motion for new trial and a supplement to that motion, in both of which she argued the merits of how the Ohio trial court erred in rendering its postanswer default judgment. The trial court denied Russo's motion for new trial without stating a reason. This appeal ensued.

On appeal, Russo contends the grounds for her motion for new trial were not the subject of any previous appeal and may therefore be decided now. In her first four points, she contends (in order) the Ohio trial court erred by: (1) failing to find that collateral estoppel barred its judgment; (2) failing to find that res judicata barred its judgment; (3) rendering judgment based on insufficient evidence to support a judgment or jury verdict; and (4) denying her due process in rendering its judgment without providing her with notice. In her fifth point, she argues the Texas trial court erred in not reviewing the Ohio trial court's denial of her special appearance.

■■■ The United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. *See* U.S. CONST. art. IV, § 1. In Texas, the enforcement of foreign judgments is governed by the Texas version of the Uniform Enforcement of Foreign Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 35.001–.008 (Vernon 1997 & Supp.2003); *Minuteman Press Int'l, Inc. v. Sparks,* 782 S.W.2d 339, 340 (Tex.App.-Fort Worth 1989, no writ). Under the full faith and credit clause, a valid foreign judgment is entitled to the same recognition in this state as the judgment would receive in the state where it was rendered. *See Roark v. Sweigart,* 848 S.W.2d 387, 389 (Tex.App.-

Amarillo 1993, no writ). A properly filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c). The party seeking to enforce a foreign judgment has the initial burden to present a judgment that appears on its face to be a final, valid, and subsisting judgment. *See Dear,* 973 S.W.2d at 446. Thereafter, the defendant has the burden of collaterally attacking the judgment by establishing a recognized exception to the full faith and credit requirements, *e.g.,* when a decree is interlocutory or subject to modification under the law of the rendering state, when the rendering court lacks jurisdiction, when the judgment was procured by fraud or is penal in nature, or when limitations has expired under Texas Civil Practice and Remedies Code section 16.066. *See Reading & Bates Constr. Co. v. Baker Energy Res. Corp.,* 976 S.W.2d 702, 712 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Minuteman,* 782 S.W.2d at 340–41; *Williams v. Washington,* 581 S.W.2d 494, 495 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.). However, in a collateral attack on a sister state's judgment, no defense may be set up that goes to the merits of the original controversy. *Cash Register Sales & Servs. of Houston, Inc. v. Copelco Capital, Inc.,* 62 S.W.3d 278, 281 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *see Strick Lease, Inc. v. Cutler,* 759 S.W.2d 776, 777 (Tex.App.-El Paso 1988, no writ); *Williams,* 581 S.W.2d at 497; *Shaps v. Union Commerce Bank,* 476 S.W.2d 466, 468 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.).

■■■ When this Court decided in the previous appeal that the Ohio judgment was final, Dear fulfilled his initial burden of presenting a facially valid and final

judgment. The burden then shifted to Russo to show a legal reason for the Texas trial court to deny the Ohio judgment full faith and credit. Russo's points one through three do not fall within one of the exceptions to full faith and credit; instead, they impermissibly attempt to collaterally attack the merits of the Ohio judgment. *See Cash Register Sales*, 62 S.W.3d at 281. To the extent the trial court did not grant Russo's motion for new trial on these grounds, it did not err.

In her fourth point complaining of no notice of either the Ohio trial setting or the nunc pro tunc orders, Russo presents the same argument this Court previously addressed and decided in *Dear v. Russo*, No. 05–99–01756–CV, 2001 WL 953396 (Tex.App.-Dallas Aug. 23, 2001, no pet.) (not designated for publication). We find no need to revisit this point.

While the heading of Russo's fifth point appears to complain of the Ohio trial court's personal jurisdiction over her, the substance of her argument does not. *See* TEX.R.APP. P. 38.1(h). Instead, she summarizes and reiterates the arguments made in points one through four, which we have already overruled. Even if she had argued in her brief that the Ohio trial court did not have personal jurisdiction over her, she may not raise that argument now in Texas because the Ohio trial court fully and fairly litigated that issue. The Texas court's scope of inquiry into the foreign court's jurisdiction is limited to whether questions of jurisdiction were fully and fairly litigated and finally decided by the sister state, and if so, personal jurisdiction may not be raised again in the Texas court. *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Mayhew v. Caprito*, 794 S.W.2d 1, 2 (Tex.1990); *Roark*, 848 S.W.2d at 389.

For the reasons stated, we affirm the judgment.

## OPINION ON MOTION FOR REHEARING

In a motion for rehearing, Russo contends we erred in holding that in Russo's attack on the Ohio judgment in the Texas court, no defense may be raised that goes to the merits of the controversy, and that such holding is contrary to Texas law. Russo cites this Court's decision in *Moncrief v. Harvey*, 805 S.W.2d 20 (Tex.App.-Dallas 1991, no writ), as authority for her contention. We respectfully disagree. The rule that no defense going to the merits may be raised is a federal constitutional rule under the Full Faith and Credit Clause of the United States Constitution and applies when a collateral attack is made on a judgment of another State. *Milwaukee County v. M. E. White Co.*, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220, 227 (1935).

The motion for rehearing is overruled.