NO. 07-08-0325-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 27, 2009
_____

ARMTECH INSURANCE SERVICES, INC., APPELLANT

V.

OSCAR AND MARGARET HAMILTON, APPELLEES
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-543,295; HONORABLE WILLIAM C. SOWDER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellees Oscar and Margaret Hamilton sought to domesticate in Lubbock County a money judgment they obtained against appellant Armtech Insurance Services, Inc. in the United States District Court for the Northern District of Florida.[1] Armtech contested the domestication, and appeals the order of the Lubbock County district court rejecting its contest. We will affirm.

_____

[1] *See Armtech Ins. Services, Inc. v. Oscar and Margaret Hamilton,* No. 5:07-CV-156-RH/MD (N.D. Fla. 2007).

Background

The Hamiltons are Florida farmers, and bought crop insurance from Armtech for the 2003 and 2004 crop years. The Hamiltons filed, and Armtech paid, a claim for loss on their 2003 cotton crop. They later claimed a loss on their 2004 cotton crop. In the course of adjusting the 2004 claim, Armtech concluded it overpaid the 2003 claim and was entitled to a refund.

The Hamiltons' 2004 claim was referred to arbitration.[2] Armtech tried to assert in the arbitration its claim for a refund for 2003, but the arbitrator determined the refund claim was beyond the scope of the arbitration and refused to hear evidence on it. The Hamiltons obtained an arbitration award for the 2004 claim. Armtech then instituted the action in the federal district court, seeking to vacate the arbitration award and challenging the arbitrator's refusal to hear its 2003 refund claim. The Hamiltons asked the court to confirm the award. Before the case was heard, the Hamiltons filed a petition under chapter 11 of the Bankruptcy Code.

The federal district court, considering the effect of the stay under the Bankruptcy Code, confirmed the 2004 arbitration award in favor of the Hamiltons but found Armtech's pursuit of its 2003 overpayment claim against them was stayed. In October 2007, the court ordered entry of the judgment the Hamiltons seek to domesticate. Armtech did not appeal

---

[2] After the 2004 crop season, the Hamiltons assigned their crop insurance claim to Georgia Farm Services, LLC, a lender. For simplicity, we will refer to all appellees as "the Hamiltons."

the judgment but filed a motion for stay of its execution, which the federal district court denied in December 2007.

In May 2008, having obtained the bankruptcy court's permission, the Hamiltons filed in Lubbock County the federal district court judgment with an affidavit pursuant to Chapter 35 of the Texas Civil Practice and Remedies Code, our state's version of the Uniform Enforcement of Foreign Judgments Act (UEFJA).[3] Armtech responded with a motion for stay of enforcement of judgment, contest to domestication of judgment, and in the alternative, motion for new trial. The Lubbock County district court heard Armtech's motion and in August 2008 signed the order denying the motion, from which Armtech appeals to this court. Armtech presents three appellate issues.

Analysis

Issue One - Modification

By its first issue, Armtech contends the judgment of the federal district court sitting in Florida is not entitled to full faith and credit because it is subject to modification. We must note at the outset that, as it is stated, the issue raises questions the parties have not discussed. The federal district court's judgment was subject to domestication under Chapter 35. That chapter defines a "foreign judgment" as "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in

---

[3] Tex. Civ. Prac. & Rem. Code Ann. § 35.002 (Vernon 2008).

3

this state." Tex. Civ. Prac. & Rem. Code Ann. § 35.001 (Vernon 2008).[4] But the Full Faith and Credit Clause of the United States Constitution, by its terms, does not apply to judgments issued by federal courts. U. S. Const., art. IV, § 1; *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1310 n.19 (11th Cir. 2005), *citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-07, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). All of the "full faith and credit" UEFJA cases to which Armtech cites us involve the recognition by a state or federal court of a judicial proceeding conducted in a *state* court. *See, e.g., Washington v. Williams,* 584 S.W.2d 260 (Tex. 1976) (Washington state court judgment recognized by Texas court); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.,* 976 S.W.2d 702, 713 (Tex.App.–Houston [1st Dist.] 1998, pet. denied) (Louisiana state court judgment). Nevertheless, for purposes of addressing its specific contention, we will assume without deciding that the premise underlying Armtech's first issue is valid, that is, the trial court here should have granted Armtech relief if the federal district court's judgment was subject to modification.

*Standard of Review*

UEFJA provides a procedure for enforcing a foreign judgment by filing an authenticated copy of it with the clerk of any court of competent jurisdiction of this state. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a) (Vernon 2008); *Brown's Inc. v. Modern Welding Co.,* 54 S.W.3d 450, 453 (Tex.App.–Corpus Christi 2001, no pet.); *Lawrence*

---

[4] *See Tanner v. McCarthy,* Nos. 01-07-00079-CV, 01-08-00829-CV, 2008 WL 4767183 (Tex.App.–Houston [1st Dist.] Oct. 30, 2008, no pet.) (mem. op.) (foreign judgment under Chapter 35 includes judgment of federal court located in Texas).

4

*Systems, Inc. By and Through Douglas-Guardian Warehouse Corp. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 206 (Tex.App.–Amarillo 1994, writ denied). Filing a foreign judgment under the UEFJA instantly creates a judgment enforceable in Texas. *Dear v. Russo,* 973 S.W.2d 445, 448 (Tex.App.–Dallas 1998, no pet.). *See also Walnut Equip. Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996) (filing of a foreign judgment under the UEFJA comprises both the plaintiff's original petition and the final judgment). A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c) (Vernon 2008).

As the case law Armtech has cited recognizes, when a judgment creditor introduces a properly authenticated copy of the foreign judgment, the burden of establishing why it should not be given full faith and credit shifts to the judgment debtor. *Enviropower, L.L.C. v. Bear, Stearns & Co., Inc.,* 265 S.W.3d 16, 19 (Tex.App.–Houston [1st Dist.] 2008, pet. filed), *citing Reading & Bates,* 976 S.W.2d at 713. For the debtor to satisfy its burden, it must collaterally attack the judgment by establishing one of the recognized exceptions to the mandates of the Full Faith and Credit Clause, one of which is the judgment is subject to modification under the law of the rendering state.[5] *Enviropower,* 265 S.W.3d at 20; *Russo v. Dear,* 105 S.W.3d 43, 46 (Tex.App.–Dallas 2003, pet. denied). The judgment

---

[5] Armtech's argument cites us only to Texas cases, disregarding the required application of the law of the rendering state.

5

debtor may overcome the presumption of the validity of the foreign judgment only with clear and convincing evidence. *Russo,* 105 S.W.3d at 46.

A motion contesting enforcement of a foreign judgment operates as a motion for new trial. *Karstetter v. Voss,* 184 S.W.3d 396, 401 (Tex.App.–Dallas 2006, no pet.); *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.,* 132 S.W.3d 477, 486 (Tex.App.–Houston [14th Dist.] 2004, pet. denied); *Dear,* 973 S.W.2d at 448. A trial court has broad discretion in ruling on such a motion, and we may not disturb its ruling absent manifest abuse of discretion. *Karstetter,* 184 S.W.2d at 402. A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably under the circumstances. *See id.*

*Application*

To support its first issue, Armtech relies on language contained in the federal district court's "Order Confirming Arbitration Award in Part and Staying Further Proceedings," signed October 25, 2007.[6] The order stated, in part:

4.   All proceedings in this action with respect to Armtech's claim for a refund of 2003 overpayments are STAYED pending further order.

5.   The Hamiltons shall file a notice in this court within 30 days after the occurrence of any event or condition [terminating] the automatic stay either explicitly or by operation of law.

6.   Armtech shall file a notice in this court within 30 days after learning of the occurrence of any event or condition terminating the automatic stay either

---

[6] The Hamiltons filed the federal court's order in Lubbock County along with its judgment.

explicitly or by operation of law, provided, however, that if the Hamiltons have filed such a notice, Armtech need not file additional notice.

7.    The Hamiltons are requested to file, and Armtech shall file, by the last day of each February and August (commencing with February 2008), a status report indicating whether the bankruptcy proceeding remains pending and the automatic stay remains in effect, provided, however, that if one such status report has been filed by any party for the period at issue, no party need file any additional status report.

Because the federal court's order left Armtech's 2003 refund claim for later resolution, Armtech contends its judgment is subject to modification. We disagree, finding other language of the federal court order fatal to Armtech's contention. In its ordering paragraphs, after ordering the Hamiltons' arbitration award confirmed with respect to their 2004 losses, the federal court stated:

> I hereby expressly determine that there is no just reason for delay and expressly direct the clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54(b) stating, "Margaret and Oscar Hamilton shall recover from Armtech Insurance Services, Inc. the sum of Four Hundred Nine Thousand Three Hundred Eighty-Three Dollars ($409,383.00) as principal, and Twelve Thousand Six Hundred Seventy-Nine and 15/100 Dollars ($12,679.15) as attorney's fees and costs, for a total of Four Hundred Twenty-Two Thousand Sixty-Two and 15/100 Dollars ($422,062.15), with interest on these amounts commencing from April 17, 2007.

The federal clerk entered judgment precisely in accordance with the court's order, and it is that judgment the Hamiltons filed in Lubbock County. Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief–whether as a claim, counterclaim, cross-claim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

7

reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

In its reply brief, Armtech focuses on the second sentence of the rule, and argues that the federal court judgment is not final as contemplated by Rule 54(b) because it adjudicates fewer than all of the rights and liabilities of the parties and the order of the court therefore may be revised at any time. We disagree. The federal court could not have been more clear in its express determination that there was no just reason for delay and its equally express direction for the entry of judgment for the 2004 crop loss, both as called for by Rule 54(b). By those expressions, the federal court made its judgment final, appealable and immediately enforceable. *See Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991); *In re Yarn Processing Patent Validity Litigation*, 680 F.2d 1338, 1339 (11th Cir. 1982) (both describing the effect of a rule 54(b) judgment).

Armtech's first issue does not demonstrate an abuse of discretion by the Lubbock County district court. The issue is overruled.

Issue Two–Federal Regulation Prevents Payment of Judgment

In its second issue, Armtech argues a federal regulation prevents payment of the judgment by Armtech to the Hamiltons because they owe Armtech an outstanding debt.

8

Armtech cites the federal regulation found in 7 C.F.R. § 400.459 (2007) (removed Dec. 18, 2008, 73 F.R. 76868-01):

> Any person who owes a debt to FCIC, or an approved insurance provider, arising from any program administered under the Act, and that debt is delinquent, will be ineligible to participate in all such programs until the debt is paid in full or the person enters into an agreement, acceptable to FCIC or the approved insurance provider, to repay the debt. If the person provides adequate evidence to demonstrate that the amount of debt is in dispute, the person's application will be accepted or their insurance will remain in effect, but no indemnity payment will be made, until the disputed issue is resolved between that person and FCIC or the approved insurance provider through the available appeal process.

The debt Armtech contends the Hamiltons owe is the refund claim for 2003. Assuming the regulation would provide a basis for challenge to the enforcement of a federal district court judgment, a question we do not decide,[7] we find the Lubbock County district court did not abuse its discretion by declining to recognize the regulation as a reason to deny enforcement of the judgment here. There is evidence that an office of the United States Department of Agriculture determined that Armtech overpaid the Hamiltons for its 2003 crop, and Armtech has made demand on the Hamiltons for reimbursement. Armtech undoubtedly has asserted a claim, but we agree with the Hamiltons that the Lubbock County district court could have found the evidence fell short of establishing the Hamiltons owe Armtech a "debt" under the regulation. Accordingly, we overrule Armtech's second issue.

---

[7] The Hamiltons argue that, consistent with the separation of powers under the United States Constitution, the regulation could not in any event operate to trump the federal district court's judgment. We do not reach that argument.

Issue Three–Payment of Federal Court Judgment

In its last issue, Armtech argues the federal judgment against it is effectively paid with credits[8] and Armtech's 2003 crop year refund claim. We overrule the issue.

Under the authorities Armtech has cited, a judgment debtor resisting recognition of a foreign judgment properly filed under the UEFJA may collaterally attack the judgment by establishing one of the recognized exceptions to the mandates of the Full Faith and Credit Clause. *See, e.g., Reading & Bates*, 976 S.W.2d at 713.[9] But its collateral attack may not set up a defense that goes to the merits of the original controversy. *Russo,* 105 S.W.3d at 46. The federal district court expressly rejected Armtech's effort to litigate its 2003 refund claim and set it off against the Hamiltons' 2004 crop loss claim. That is made clear by the federal court's December 2007 order denying Armtech's motion to stay execution of its judgment, in which the court stated, "[T]he argument that the 2004 claim could not properly be resolved without simultaneous consideration of the 2003 claim was considered and rejected by the arbitrator, in the first instance, and in the [federal district court's] October 25, 2007, order confirming the 2004 award. Armtech's position remains unfounded for the reasons set forth in that order."

---

[8] It is undisputed Armtech has paid the Hamiltons the difference between its claimed 2003 refund and the amount of the federal district court judgment. The affidavit the Hamiltons filed in Lubbock County acknowledges the judgment is entitled to credit for that payment and to another credit to offset a crop insurance premium.

[9] Here again, we recognize the inapplicability of the Full Faith and Credit Clause to federal court judgments. We refer to the authority cited by Armtech simply to address the issue presented.

10

The federal district court further expressly determined, in its October 25, 2007 order, that there was "no just reason for delay" in issuing a judgment for the Hamiltons for their 2004 crop loss. In this context, Armtech's effort to use its unadjudicated 2003 refund claim as a set off to that judgment in Lubbock County is simply an effort in different clothes to re-litigate questions the federal district court resolved against Armtech. It is a defense going to the merits of the original controversy, which the Lubbock County district court could not entertain.

Having overruled Armtech's issues, we affirm the judgment of the trial court.


James T. Campbell
Justice

11