**AFFIRM; and Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00417-CV

### KURT W. THOMPSON AND KAY ALYSON THOMPSON, Appellants
### V.
### FLORIDA WOOD TREATERS, INC., Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-14993**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Schenck

This case involves questions about the finality of a foreign judgment and the authority of a non-Article III federal court to exercise jurisdiction over non-administrative claims. Appellee Florida Wood Treaters, Inc. ("Wood Treaters") initiated this proceeding under the Uniform Enforcement of Foreign Judgments Act ("UEFJA") seeking to enforce orders of the United States District Court of the Virgin Islands ("District Court") against appellants Kurt W. Thompson and Kaye Alyson Thompson (the "Thompsons"). The Thompsons opposed the trial court's enforcement of the orders without success. We conclude that there is a final judgment subject to enforcement and that the District Court did not exceed its authority in awarding monetary damages for the deficiency on an indebtedness remaining after a foreclosure sale. Accordingly, we affirm the trial court decision. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The Thompsons, along with Richard O. Thompson ("Richard"), who is not a party to this proceeding or appeal, owned real property located in the Virgin Islands (the "Property"). The Property was encumbered by liens of Wood Treaters and Coastal Supply, Inc. ("Coastal Supply").[1] Anticipating a foreclosure proceeding, the Thompsons and Richard filed suit against Wood Treaters in the District Court seeking to extinguish Wood Treaters's lien and to enjoin Wood Treaters from claiming any interest in the Property. They also sought damages for slander of title and for lost rental income based on their inability to rent the Property due to the threatened foreclosure. Wood Treaters filed a counterclaim seeking foreclosure of the Property. Wood Treaters brought Coastal Supply into the lawsuit to establish the priority of their respective liens. Coastal Supply, like Wood Treaters, requested that its lien be foreclosed.

Wood Treaters and Coastal Supply moved for summary judgment on their foreclosure claims. Wood Treaters also moved for summary judgment on all of the Thompsons and Richard's claims. By memorandum opinion and order dated December 6, 2009, the District Court granted summary judgment in favor of Wood Treaters and Coastal Supply and against the Thompsons and Richard. In doing so, the District Court awarded Wood Treaters "a final judgment" against the Thompsons and Richard for a total indebtedness in the amount of $892,431.81, plus interest on a portion of the debt. The District Court further ordered that Wood Treaters and Coastal Supply's liens on the Property be foreclosed and that the Property be sold by the United States Marshal. The order set forth the manner in which the proceeds of the sale would be applied. The District Court further ordered that the Thompsons and Richard would be liable for any deficiency remaining after the sale of the Property.

---

[1] Coastal Supply was a junior lienholder.

On June 23, 2011, the Marshal sold the Property to Wood Treaters for $800,000, leaving a deficiency of $192,431.84. On March 18, 2012, the District Court entered an order approving the sale and setting forth the deficiency amount. The Thompsons and Richard appealed. The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed. Wood Treaters then sought an award of attorney's fees and costs. On November 1, 2012, the District Court entered an order awarding Wood Treaters a portion of the attorney's fees and costs requested.

On December 30, 2014, Wood Treaters filed an Affidavit of Filing of Foreign Judgment pursuant to the UEFJA in the district court of Dallas County, Texas, seeking recognition of three orders of the District Court. TEX. CIV. PRAC. & REM. CODE ANN. § 35.001 et seq. (West 2015). These orders are: the order granting summary judgment, the order confirming the sale of the Property and setting the deficiency amount, and the order awarding attorney's fees and costs. The Thompsons objected to the recognition of the orders as a final judgment and, in the alternative, moved to vacate the judgment for lack of subject-matter jurisdiction. The Thompson's objection and motion were overruled by operation of law. This appeal followed.

DISCUSSION

## A.    UEFJA and Final Judgments

When a final foreign judgment is properly filed under the UEFJA, the filing has the effect of initiating an enforcement proceeding and the foreign judgment instantly becomes a final judgment in Texas. *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ). Pursuant to the UEFJA, only final judgments are entitled to recognition by the State of Texas. *Dear v. Russo*, 973 S.W.2d 445,446 (Tex. App.—Dallas 1998, no pet.). In their first issue, the Thompsons argue the orders of the District Court are not final because they do not dispose of all parties and claims. More particularly, they claim the orders do not dispose of the claims concerning Coastal Supply. We disagree.

When, as is the case here, an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. FED. R. CIV. P. 54(b). Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *Id.*

In this case, the District Court's summary judgment order does not contain an expression "that there is no just reason for delay." Therefore, the question presented to this Court is whether the summary judgment order disposes of all claims and all parties. We conclude that it does.

The parties to the underlying case are the Thompsons, Richard, Wood Treaters, and Coastal Supply. The Thompsons and Richard asserted claims against Wood Treaters only. Those claims were disposed of by the District Court's summary judgment in favor of Wood Treaters. As to Wood Treaters's claims against the Thompsons and Richard, those claims were disposed of by the District Court ordering foreclosure of the Property and awarding Wood Treaters the deficiency judgment it sought. As to Wood Treater's claim against Coastal Supply, that claim was disposed of by the summary judgment's directive that proceeds from the sale of the Property would be paid to Wood Treaters after the payment of certain administrative expenses associated with the sale of the Property. As to Coastal Supply's claim for foreclosure, it was disposed of by the District Court order foreclosing Coastal Supply's lien. Thus, contrary to the Thompson's contention, the summary judgment order disposed of all of the parties and

–4–

claims asserted, including, but not limited to, claims concerning Coastal Supply.[2] The subsequent orders confirming the sale of the Property, recognizing the quantum of the deficiency amount, and awarding attorney's fees and costs, were post-judgment orders. *See id.* 54(d); *Soly v. Warlick*, Civ. Nos. 1991/212, 1995/84, 2011 WL 3625393, at *3 (D.V.I. Aug. 17, 2011).

We overrule the Thompson's first issue.

## B.    Subject-Matter Jurisdiction

In their second issue, the Thompsons argue that if a final judgment exists, it is void because (1) it includes relief that was not requested and (2) the District Court of the Virgin Islands is a non-Article III court and therefore lacks constitutional authority to enter final judgments other than in certain administrative proceedings.

### 1.    Monetary Damages

It is undisputed that Wood Treaters did not specifically ask for a monetary judgment against the Thompsons and Richard in its foreclosure counterclaim. Under the federal rules of civil procedure, except in cases of default judgments, every other judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading." FED. R. CIV. P. 54(c). A lienholder is entitled to recover a deficiency from persons personally obligated on the underlying debt. *See Syracuse Engineering Co. v. Haight*, 110 F.2d 468, 470 (2nd Cir. 1948).

Moreover, "In an action for foreclosure in the Virgin Islands, a court is required to address the outstanding debt, if any, in the judgment of foreclosure." *U.S. Dept. of Agric. Rural Hous. v. Phillips*, 1:08–cv–00032, 2010 WL 1529297, at *4 (D.V.I. Apr. 15, 2010) (citing 28 V.I.C. § 531). This procedure was followed in this case; Wood Treaters has both a judgment of

---

[2] The Third Circuit recognized the summary judgment order as being final when it entertained the Thompsons' appeal. None of the circumstances authorizing an interlocutory appeal existed in this case. 28 U.S.C. §1292.

foreclosure on the Property and a debt judgment against the Thompsons and Richard personally. Section 531 of Title 28 of the Virgin Islands Code provides that in addition to the judgment of foreclosure and sale, if it appears there is a personal obligation for the payment of the debt, the court shall also adjudge a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money. 28 V.I.C. § 531(a). Therefore, the District Court was required to award monetary damages against the Thompsons and Richard for the deficiency following the sale of the Property under both the governing law and rule 54.

### 2. Authority of the U.S. Virgin Island's District Court

As to the authority of the District Court to enter a final judgment, Congress established the jurisdiction of the District Court of the Virgin Islands in "The Revised Organic Act" (the "ROA"), 18 U.S.C. §§ 1541–1645. In 1984, Congress amended the ROA to provide the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States, and general original jurisdiction in all causes in the Virgin Islands not vested by law in the local courts. 48 U.S.C. §§ 1612(a), (b). In 1991, the Virgin Islands Legislature exercised its power to vest local civil actions in the Territorial Courts, 4 V.I.C. § 76(a), and thereby divested the District Court of jurisdiction over all local civil suits. *H&O Food Warehouse, Inc. v. Virgin Islands Pub. Fin. Auth.*, 70 F.App'x 611, 613 (3rd Cir. 2003) (citing *Brow v. Farrelly*, 994 F.2d 1028, 1034 (3rd Cir. 1993); *Estate Thomas Mall, Inc. v. Territorial Court of Virgin Islands*, 923 F.2d 258, 261 (3rd Cir. 1991).

With the enactment of 4 V.I.C. § 76(a), the District Court of the Virgin Islands exercises exclusive jurisdiction over all purely federal matters, and concurrent federal question and diversity jurisdiction. Local civil actions, in contrast, are within the exclusive jurisdiction of the Territorial Courts. *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 256 (3rd

Cir. 2002). The Thompsons invoked the District Court's diversity jurisdiction in the underlying suit. The District Court of the Virgin Islands had jurisdiction over this case under 48 U.S.C. § 1612(a) (general jurisdiction of district courts) and 28 U.S.C. § 1332 (diversity jurisdiction).

Accordingly, we overrule the Thompson's second issue.

## CONCLUSION

We affirm the trial court's implied rulings on the Thompson's objection to recognition of the orders as a final judgment and their motion to vacate the judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

150417F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KURT W. THOMPSON AND KAY
ALYSON THOMPSON, Appellant

No. 05-15-00417-CV      V.

FLORIDA WOOD TREATERS, INC.,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-14993.
Opinion delivered by Justice Schenck.
Justices Francis and Fillmore participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee FLORIDA WOOD TREATERS, INC. recover its costs of this appeal from appellant KURT W. THOMPSON AND KAY ALYSON THOMPSON.

Judgment entered this 6th day of June, 2016.