Brown's Inc. v. Modern Welding



NUMBER 13-00-096-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


BROWN'S INC., Appellant,


v.


MODERN WELDING CO. AND BUD NORTHINGTON, Appellees.

____________________________________________________________________


On appeal from the 23rd District Court of Wharton County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Hinojosa


Appellant, Brown's, Inc., appeals from the trial court's order denying a petition to enforce a judgment that appellant
obtained in the state of Washington against appellees, Modern Welding Co. and Bud Northington, and vacating the foreign
judgment. In two issues, appellant contends the trial court erred by vacating the judgment and by denying appellant's
petition to enforce the judgment. We affirm.

A. Background


Appellant is located in Redmond, Washington. Appellant sells welding machines. Modern Welding is an industrial
equipment supply business located in Egypt, Texas. Northington is a resident of Wharton County, Texas, and is the owner
of Modern Welding.

It is undisputed that appellant and appellees entered into a written distributorship agreement on January 8, 1997. Modern
Welding is the distributor under the agreement, and "faithful performance" by the distributor is guaranteed by Northington.
The agreement contains the following arbitration provision:

DISPUTE RESOLUTION



Any disputes arising from the operation of this agreement or concerning the relationship of the parties will be submitted to
binding arbitration, one arbitrator to be appointed by Presiding Judge, King County Superior Court, King County
Courthouse, Seattle, WA upon 5 days written notice. Washington law shall apply and arbitrator may award attorney's fees,
costs and arbitrator fees.

A similar arbitration clause was also included in the "Application for Credit & Open Account Agreement" completed by
appellees. That clause provides:

Any unresolved controversies which may arise from my use of credit granted shall be submitted to binding arbitration. One
arbitrator shall be appointed by Chief Civil Judge, King County Superior Court, Seattle WA upon five days written notice. 
Washington law shall apply, and Washington jurisdiction is agreed. Arbitrator may award attorney fees, costs and
arbitration fees and costs.



Appellant shipped welding equipment to appellees and charged it to the credit line appellees had established with appellant.
Appellees were unable to resell any of the equipment. By letter dated April 9, 1997, appellees requested termination of the
Agreement. They returned the unsold equipment to appellant. A dispute arose concerning a "restocking fee" charged to
appellees' account.

Appellant invoked its contractual right to arbitration. Appellees concede they received notice of the arbitration hearing.
The arbitration hearing was held on March 11, 1998; appellees did not appear. The arbitrator issued an award in favor of
appellant. Appellees concede that on March 20, 1998, they received a copy of the arbitration award from the arbitrator, and
later received a letter informing them that the award was scheduled to be confirmed. It is undisputed that appellees did not
receive personal service of notice of the confirmation proceeding. The award was confirmed by the King County Superior
Court on April 17, 1998, resulting in a judgment against appellees in the amount of $10,263.48, pre-judgment interest (2) of
$667.13, attorney's fees of $700.00, and costs of $110.00.

On September 14, 1999, appellant filed a Petition for Domestication and Enforcement of a Foreign Judgment in the 23rd
District Court of Wharton County, Texas. Appellees filed a Motion to Vacate Judgment, asserting that the Washington
court had not acquired personal jurisdiction over them because (1) they were not personally served with process, and (2)
they were not amenable to service of process from Washington because they did not have sufficient minimum contacts with
that state. (3) The trial court granted appellees' motion, and denied appellant's petition with out specifying a reason. This
appeal ensued.

B. Applicable Law


It is well-established that a state must give the final judgment of a sister state the same force and effect to which the
judgment would be entitled in the state in which it was rendered. U.S. Const. art. IV, § 1; see also Markham v. Diversified
Land & Exploration Co., 973 S.W.2d 437,439 (Tex. App.-Austin 1998, pet. denied). Texas recognizes two methods of
enforcing a foreign judgment: (1) filing under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), which
establishes a procedure for enforcing a foreign judgment by merely filing an authenticated copy of the judgment with the
clerk of any court in Texas with competent jurisdiction, Tex. Civ. Prac. & Rem. Code Ann. § 35.003 (Vernon 1997);
Tri-Steel Structures, Inc. v. Hackman, 883 S.W.2d 391, 393 (Tex. App.-Fort Worth 1994, writ denied); Medical Adm'rs,
Inc. v. Koger Props., Inc., 668 S.W.2d 719, 721 (Tex. App.-Houston [1st Dist.] 1983, no writ); and (2) filing a
common-law action to enforce the foreign judgment, Lawrence Sys., Inc. v. Superior Feeders, Inc., 880 S.W.2d 203,206
(Tex. App.-Amarillo 1994, writ denied). Appellant chose to proceed under the UEFJA, which provides:

 


 A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in
the office of the clerk of any court of competent jurisdiction of this state.




 


 The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment
is filed.




 


 A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for
reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.




Tex. Civ. Prac. & Rem. Code Ann. § 35.003 (Vernon 1997). Filing a foreign judgment under the UEFJA has the effect of
initiating an enforcement proceeding and rendering a final Texas judgment simultaneously. Bahr v. Kohr, 928 S.W.2d 98,
100 (Tex. App.-San Antonio 1996, writ denied); Lawrence Sys., 880 S.W.2d at 208. The filing of a foreign judgment under
the UEFJA comprises both the plaintiff's original petition and the final judgment. Wu v. Walnut Equip. Leasing Co., Inc.,
920 S.W.2d 285, 286 (Tex. 1996).

When a judgment creditor introduces a properly authenticated copy of a foreign judgment that appears to be final, valid and
subsisting, the burden of establishing why it should not be given full faith and credit shifts to the judgment debtor. Mitchim
v. Mitchim, 518 S.W.2d 362, 364 (Tex. 1975); Reading & Bates Constr. Co. v. Baker Energy Res. Co., 976 S.W.2d 702,
712 (Tex. App.-Houston [1st Dist.] 1998, pet. denied); Markham, 973 S.W.2d at 439; Dear v. Russo, 973 S.W.2d 445, 446
(Tex. App.-Dallas 1998, no pet.). When an attack is made on a duly authenticated foreign judgment in Texas, the trial
court has only two alternatives - to enforce the judgment or to declare it void for want of jurisdiction. Trinity Capital Corp.
v. Briones, 847 S.W.2d 324, 326-27 (Tex. App.-El Paso 1993, no writ). A judgment debtor may challenge jurisdiction of a
sister state by demonstrating that (1) service of process was inadequate under the rules of the sister state, or (2) the sister
state's exercise of in personam jurisdiction over the judgment debtor offends due process of law. Markham, 973 S.W.2d at
439. Recitals in the foreign judgment are presumed to be valid and the attacker has the burden to produce evidence
showing lack of jurisdiction. Id.

C. Was Personal Service Required under Washington Law?


In support of their motion to vacate, appellees filed an affidavit from Northington in which he swore that he had never been
personally served with process in the Washington court case. Washington statutes provide that, in the case of an
individual, a summons must be served:

to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person
of suitable age and discretion then resident therein.



Wash. Rev. Code § 4.28.080(15)(2001). In the case of a business, a summons must be served on:

a foreign corporation or nonresident joint stock company, partnership or association doing business within this state, to any
agent, cashier, or secretary thereof.



Wash. Rev. Code § 4.28.080 (2001).



Personal service of summons or other process may be made upon any party outside the state. If upon a citizen or resident
of this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and
effect of personal service within this state; otherwise it shall have the force and effect of service by publication. The
summons upon the party out of the state shall contain the same and be served in like manner as personal summons within
the state, except it shall require the party to appear and answer within sixty days after such personal service out of state.



Wash. Rev. Code § 4.28.180 (2001). The Washington long-arm statute provides that personal service on a defendant who
is outside the state is given the same effect as personal service inside the state if made upon "a person who has submitted to
the jurisdiction of the courts of this state . . . [by] the transaction of any business within this state." Wash. Rev. Code §
4.28.185 (2001); Toulouse v. Swanson, 438 P.2d 578, 579-80 (Wash. 1968). The process server must deliver the summons
to an out-of-state defendant personally, or leave it with someone of suitable age and discretion at the place where the
defendant is staying; if this is not done, service is not proper. Weiss v. Glemp, 903 P.2d 455 (Wash. 1995). Vacation of a
default judgment is proper where the defendant was not properly served with a summons and complaint. Lee v. Western
Processing Co., 667 P.2d 638 (Wash. Ct. App. 1983).

The Washington statute clearly requires personal service of process upon an out-of-state defendant. Here, it is undisputed
that appellees never received personal service.

Appellant argues that the Washington arbitration statute does not require personal service in a suit to confirm an arbitration
award. The statute provides:

[a]ny application made under authority of this chapter (4) shall be made in writing and heard in a summary way in the
manner and upon notice provided by law or rules of court for the making and hearing of motions or petitions, except as
otherwise herein expressly provided. Jurisdiction under this chapter is specifically conferred on the district and superior
courts of the state, subject to jurisdictional limitations.



Wash. Rev. Code § 7.04.020 (2001).



At any time within one year after the [arbitration] award is made, unless the parties shall extend the time in writing, any
party to the arbitration may apply to the court for an order confirming the award. . . . Notice in writing of the motion must
be served upon the adverse party, or his attorney, five days before the hearing thereof.



Wash. Rev. Code § 7.04.150 (2001). We note that, with respect to a motion to compel arbitration, "[s]ervice thereof shall
be made in the manner provided by law for service of a summons in a civil action in the court specified in RCW 7.04.020."
Wash. Rev. Code § 7.04.040 (2001).

Appellant cites no Washington case law to support his argument that no personal service on appellees was necessary. Our
research has found one case concerning notice requirements for the confirmation of an arbitration award, but it has a very
different fact situation than the instant case. In Keen v. IFG Leasing Co., 622 P.2d 861 (Wash. Ct. App. 1980), Keen, an
Oregon logger, leased equipment from IFG, a Minnesota corporation. Id. at 862. The lease contained an arbitration clause
specifying that the arbitration would be held in Seattle, Washington, and that the rules of the American Arbitration
Association would apply. Id. A dispute arose, and IFG commenced an arbitration in Seattle. Id. at 863. Keen appeared in
the arbitration proceeding, was represented by counsel, counterclaimed for cancellation or rescission of the lease, and
demanded a three-member arbitration panel. Id. While the arbitration was pending, Keen filed suit in the Washington
Superior Court concerning the same lease; IFG moved for and was granted a stay until the arbitration was complete. Id. 

The arbitrators granted IFG an award. Id. IFG moved for an order granting confirmation, and obtained a hearing date. Id.
The motion and notice of hearing date were personally served on Keen in Oregon. Id. Keen objected to this proceeding,
asserting the award was procured by fraud, and that the court did not have jurisdiction over him. Id. At the hearing, Keen
challenged the jurisdiction of the court, and moved to consolidate his original superior court action, which had been stayed,
with the present action. Id. The court entered an order confirming the award, and rendered judgment in favor of IFG. Id.

On appeal, Keen asserted the court did not have jurisdiction over him because of insufficiency of process. Id. at 864. His
challenge was based on the Washington statute pertaining to personal service for out-of-state defendants, which requires
sixty days' notice. Id.; see Wash. Rev. Code § 4.28.080 (2001). The Washington appellate court rejected this notion:

The fact that a party to an arbitration may apply to the superior court for confirmation of the award cannot be equated with
bringing a new action. It is no more than a motion for an order to enforce an award of compensation already made by the
arbitrators, pursuant to contract. Here Keen was a party to, and a participant in, a King County arbitration proceeding.
Following entry of the arbitration award in its favor, IFG moved the Superior Court for King County for an order
confirming the award, as it was authorized to do. RCW 7.04.150; RCW 5.04.020.



Five days' written notice of a motion for a confirmation order is the notice that is required by the arbitration act, RCW
7.04.150. The rules of court prescribe the same notice. See CR 6(d); RCW 7.04.020. Keen was given more than 5 days'
notice and was represented by counsel at the Superior Court hearings wherein the award against him was confirmed and
judgment was entered. Proper notice was given and the Superior Court had jurisdiction of both Mr. Keen and the cause
before it.



Id. (case citations omitted). The Washington appellate court held that five days' notice of a confirmation hearing by
personal service of process was adequate. Id.

We have found no support in Washington law for appellant's contention that it did not have to personally serve appellees
with service of process for the confirmation proceeding in the Washington Superior Court. It is undisputed that appellees
did not receive personal service. Therefore, we hold the trial court did not err in denying appellant's petition for
domestication of the judgment, or in granting appellees' motion to vacate the judgment.

Appellant's first and second issues are overruled. Because we find these issues to be dispositive, we conclude it is not
necessary to address whether appellees have minimum contacts with the state of Washington sufficient for a Washington
court to obtain personal jurisdiction over them. See Tex. R. App. P. 47.1.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

2nd day of August, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Pre-judgment interest was through April 17, 1998.

3. Appellees do not contest the validity of the arbitration proceeding. They contest only the judicial confirmation of the
award.

4. Chapter 7.04 is entitled "Arbitration."