NO. 07-08-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008
______________________________

BARRY DWAYNE MINNFEE,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,428-C; HON. PATRICK A. PIRTLE, PRESIDING
_______________________________

Order
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Barry Dwayne Minnfee (appellant) has filed several documents with this court
entitled 1) “Motion for New Trial; Amendment of judgments x x Relief from Judgment or
Order;” 2) “Notification ‘Under Seal,’” “Notifications Unsealed,” “Motion to Seal,” 3)
“Docketing Statement,” “Motion for Bench Warrant,” “Motion for Summary Judgment,” and
4) “Declaration for Entry of Default” to which he has attached a document entitled “Extra-notice Requirements Notice of Appeal Admissibility or Inadmissibility of a plea; plea
discussions and related Statements: Brady v. Maryland supra Landmark Case.” The
documents refer to a trial court cause number 44,428-C that concerns a 2002 conviction. 
This court issued an opinion on May 1, 2008, finding that we did not have jurisdiction over
an appeal in this matter because of the late notice of appeal. Accordingly, we dismissed
the appeal. 
          Because this court does not have jurisdiction over trial court cause number 44,428 - C or an appeal from the final judgment entered therein, we deny the above referenced
matters and requests as moot. Moreover, appellant is informed that if he persists in filing
documents, pleadings, and like items with this court regarding trial court cause number
44,428-C and which fall outside of this court’s jurisdiction, they will be returned unfiled. So
too will the court initiate steps to determine whether appellant is a vexatious litigant or has
otherwise abused the appellate process. Should it be determined that he is or has, then
appropriate, lawful measures will be invoked to end his activities.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 



Do not publish.











Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellees Oscar and Margaret Hamilton sought to domesticate in Lubbock County
a money judgment they obtained against appellant Armtech Insurance Services, Inc. in the
United States District Court for the Northern District of Florida.


 Armtech contested the
domestication, and appeals the order of the Lubbock County district court rejecting its
contest. We will affirm.
 
Background
          The Hamiltons are Florida farmers, and bought crop insurance from Armtech for the
2003 and 2004 crop years. The Hamiltons filed, and Armtech paid, a claim for loss on their
2003 cotton crop. They later claimed a loss on their 2004 cotton crop. In the course of
adjusting the 2004 claim, Armtech concluded it overpaid the 2003 claim and was entitled
to a refund. 
          The Hamiltons’ 2004 claim was referred to arbitration.


 Armtech tried to assert in
the arbitration its claim for a refund for 2003, but the arbitrator determined the refund claim
was beyond the scope of the arbitration and refused to hear evidence on it. The Hamiltons
obtained an arbitration award for the 2004 claim. Armtech then instituted the action in the
federal district court, seeking to vacate the arbitration award and challenging the
arbitrator’s refusal to hear its 2003 refund claim. The Hamiltons asked the court to confirm
the award. Before the case was heard, the Hamiltons filed a petition under chapter 11 of
the Bankruptcy Code.
          The federal district court, considering the effect of the stay under the Bankruptcy
Code, confirmed the 2004 arbitration award in favor of the Hamiltons but found Armtech’s
pursuit of its 2003 overpayment claim against them was stayed. In October 2007, the court
ordered entry of the judgment the Hamiltons seek to domesticate. Armtech did not appeal
the judgment but filed a motion for stay of its execution, which the federal district court
denied in December 2007. 
          In May 2008, having obtained the bankruptcy court’s permission, the Hamiltons filed
in Lubbock County the federal district court judgment with an affidavit pursuant to Chapter
35 of the Texas Civil Practice and Remedies Code, our state’s version of the Uniform
Enforcement of Foreign Judgments Act (UEFJA).


 Armtech responded with a motion for
stay of enforcement of judgment, contest to domestication of judgment, and in the
alternative, motion for new trial. The Lubbock County district court heard Armtech’s motion
and in August 2008 signed the order denying the motion, from which Armtech appeals to
this court. Armtech presents three appellate issues.
AnalysisIssue One - Modification
          By its first issue, Armtech contends the judgment of the federal district court sitting
in Florida is not entitled to full faith and credit because it is subject to modification. We
must note at the outset that, as it is stated, the issue raises questions the parties have not
discussed. The federal district court’s judgment was subject to domestication under
Chapter 35. That chapter defines a “foreign judgment” as “a judgment, decree, or order
of a court of the United States or of any other court that is entitled to full faith and credit in
this state.” Tex. Civ. Prac. & Rem. Code Ann. § 35.001 (Vernon 2008).


 But the Full Faith
and Credit Clause of the United States Constitution, by its terms, does not apply to
judgments issued by federal courts. U. S. Const., art. IV, § 1; Palmer & Cay, Inc. v. Marsh
& McLennan Cos., Inc., 404 F.3d 1297, 1310 n.19 (11th Cir. 2005), citing Semtek Int’l Inc.
v. Lockheed Martin Corp., 531 U.S. 497, 506-07, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). 
All of the “full faith and credit” UEFJA cases to which Armtech cites us involve the
recognition by a state or federal court of a judicial proceeding conducted in a state court. 
See, e.g., Washington v. Williams, 584 S.W.2d 260 (Tex. 1976) (Washington state court
judgment recognized by Texas court); Reading & Bates Constr. Co. v. Baker Energy Res.
Corp., 976 S.W.2d 702, 713 (Tex.App.–Houston [1st Dist.] 1998, pet. denied) (Louisiana
state court judgment). Nevertheless, for purposes of addressing its specific contention, we
will assume without deciding that the premise underlying Armtech’s first issue is valid, that
is, the trial court here should have granted Armtech relief if the federal district court’s
judgment was subject to modification. 
Standard of Review
          UEFJA provides a procedure for enforcing a foreign judgment by filing an
authenticated copy of it with the clerk of any court of competent jurisdiction of this state. 
See Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a) (Vernon 2008); Brown’s Inc. v. Modern
Welding Co., 54 S.W.3d 450, 453 (Tex.App.–Corpus Christi 2001, no pet.); Lawrence
Systems, Inc. By and Through Douglas-Guardian Warehouse Corp. v. Superior Feeders,
Inc., 880 S.W.2d 203, 206 (Tex.App.–Amarillo 1994, writ denied). Filing a foreign
judgment under the UEFJA instantly creates a judgment enforceable in Texas. Dear v.
Russo, 973 S.W.2d 445, 448 (Tex.App.–Dallas 1998, no pet.). See also Walnut Equip.
Leasing Co., Inc. v. Wu, 920 S.W.2d 285, 286 (Tex. 1996) (filing of a foreign judgment
under the UEFJA comprises both the plaintiff’s original petition and the final judgment). A
filed foreign judgment has the same effect and is subject to the same procedures,
defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a
judgment as a judgment of the court in which it is filed. Tex. Civ. Prac. & Rem. Code Ann.
§ 35.003(c) (Vernon 2008). 
          As the case law Armtech has cited recognizes, when a judgment creditor introduces
a properly authenticated copy of the foreign judgment, the burden of establishing why it
should not be given full faith and credit shifts to the judgment debtor. Enviropower, L.L.C.
v. Bear, Stearns & Co., Inc., 265 S.W.3d 16, 19 (Tex.App.–Houston [1st Dist.] 2008, pet.
filed), citing Reading & Bates, 976 S.W.2d at 713. For the debtor to satisfy its burden, it
must collaterally attack the judgment by establishing one of the recognized exceptions to
the mandates of the Full Faith and Credit Clause, one of which is the judgment is subject
to modification under the law of the rendering state.


 Enviropower, 265 S.W.3d at 20;
Russo v. Dear, 105 S.W.3d 43, 46 (Tex.App.–Dallas 2003, pet. denied). The judgment
debtor may overcome the presumption of the validity of the foreign judgment only with clear
and convincing evidence. Russo, 105 S.W.3d at 46. 
          A motion contesting enforcement of a foreign judgment operates as a motion for
new trial. Karstetter v. Voss, 184 S.W.3d 396, 401 (Tex.App.–Dallas 2006, no pet.); Mindis
Metals, Inc. v. Oilfield Motor & Control, Inc., 132 S.W.3d 477, 486 (Tex.App.–Houston [14th
Dist.] 2004, pet. denied); Dear, 973 S.W.2d at 448. A trial court has broad discretion in
ruling on such a motion, and we may not disturb its ruling absent manifest abuse of
discretion. Karstetter, 184 S.W.2d at 402. A trial court abuses its discretion when it acts
without reference to any guiding rules or principles or acts arbitrarily or unreasonably under
the circumstances. See id. 
Application
          To support its first issue, Armtech relies on language contained in the federal district
court’s “Order Confirming Arbitration Award in Part and Staying Further Proceedings,”
signed October 25, 2007.


 The order stated, in part:
          4.       All proceedings in this action with respect to Armtech’s claim for a refund of
2003 overpayments are STAYED pending further order.

 
          5.       The Hamiltons shall file a notice in this court within 30 days after the
occurrence of any event or condition [terminating] the automatic stay either
explicitly or by operation of law.

 
          6.       Armtech shall file a notice in this court within 30 days after learning of the
occurrence of any event or condition terminating the automatic stay either
explicitly or by operation of law, provided, however, that if the Hamiltons have
filed such a notice, Armtech need not file additional notice.

 
          7.       The Hamiltons are requested to file, and Armtech shall file, by the last day
of each February and August (commencing with February 2008), a status
report indicating whether the bankruptcy proceeding remains pending and
the automatic stay remains in effect, provided, however, that if one such
status report has been filed by any party for the period at issue, no party
need file any additional status report.
 
          Because the federal court’s order left Armtech’s 2003 refund claim for later
resolution, Armtech contends its judgment is subject to modification. We disagree, finding
other language of the federal court order fatal to Armtech’s contention. In its ordering
paragraphs, after ordering the Hamiltons’ arbitration award confirmed with respect to their
2004 losses, the federal court stated:
I hereby expressly determine that there is no just reason for delay and
expressly direct the clerk to enter judgment pursuant to Federal Rule of Civil
Procedure 54(b) stating, “Margaret and Oscar Hamilton shall recover from
Armtech Insurance Services, Inc. the sum of Four Hundred Nine Thousand
Three Hundred Eighty-Three Dollars ($409,383.00) as principal, and Twelve
Thousand Six Hundred Seventy-Nine and 15/100 Dollars ($12,679.15) as
attorney’s fees and costs, for a total of Four Hundred Twenty-Two Thousand
Sixty-Two and 15/100 Dollars ($422,062.15), with interest on these amounts
commencing from April 17, 2007.
 
          The federal clerk entered judgment precisely in accordance with the court’s order,
and it is that judgment the Hamiltons filed in Lubbock County. Federal Rule of Civil
Procedure 54(b) provides that “[w]hen an action presents more than one claim for
relief–whether as a claim, counterclaim, cross-claim, or third-party claim–or when multiple
parties are involved, the court may direct entry of a final judgment as to one or more, but
fewer than all, claims or parties only if the court expressly determines that there is no just
reason for delay. Otherwise, any order or other decision, however designated, that
adjudicates fewer than all the parties does not end the action as to any of the claims or
parties and may be revised at any time before entry of a judgment adjudicating all the
claims and all the parties’ rights and liabilities.” 
           In its reply brief, Armtech focuses on the second sentence of the rule, and argues
that the federal court judgment is not final as contemplated by Rule 54(b) because it
adjudicates fewer than all of the rights and liabilities of the parties and the order of the
court therefore may be revised at any time. We disagree. The federal court could not
have been more clear in its express determination that there was no just reason for delay
and its equally express direction for the entry of judgment for the 2004 crop loss, both as
called for by Rule 54(b). By those expressions, the federal court made its judgment final,
appealable and immediately enforceable. See Zapata Gulf Marine Corp. v. Puerto Rico
Maritime Shipping Auth., 925 F.2d 812, 815 (5th Cir. 1991); In re Yarn Processing Patent
Validity Litigation, 680 F.2d 1338, 1339 (11th Cir. 1982) (both describing the effect of a rule
54(b) judgment). 
          Armtech’s first issue does not demonstrate an abuse of discretion by the Lubbock
County district court. The issue is overruled. 
Issue Two–Federal Regulation Prevents Payment of Judgment 
          In its second issue, Armtech argues a federal regulation prevents payment of the
judgment by Armtech to the Hamiltons because they owe Armtech an outstanding debt. 
Armtech cites the federal regulation found in 7 C.F.R. § 400.459 (2007) (removed Dec. 18,
2008, 73 F.R. 76868-01):
Any person who owes a debt to FCIC, or an approved insurance provider,
arising from any program administered under the Act, and that debt is
delinquent, will be ineligible to participate in all such programs until the debt
is paid in full or the person enters into an agreement, acceptable to FCIC or
the approved insurance provider, to repay the debt. If the person provides
adequate evidence to demonstrate that the amount of debt is in dispute, the
person’s application will be accepted or their insurance will remain in effect,
but no indemnity payment will be made, until the disputed issue is resolved
between that person and FCIC or the approved insurance provider through
the available appeal process.          The debt Armtech contends the Hamiltons owe is the refund claim for 2003. 
Assuming the regulation would provide a basis for challenge to the enforcement of a federal
district court judgment, a question we do not decide,


 we find the Lubbock County district
court did not abuse its discretion by declining to recognize the regulation as a reason to
deny enforcement of the judgment here. There is evidence that an office of the United
States Department of Agriculture determined that Armtech overpaid the Hamiltons for its
2003 crop, and Armtech has made demand on the Hamiltons for reimbursement. Armtech
undoubtedly has asserted a claim, but we agree with the Hamiltons that the Lubbock
County district court could have found the evidence fell short of establishing the Hamiltons
owe Armtech a “debt” under the regulation. Accordingly, we overrule Armtech’s second
issue.
Issue Three–Payment of Federal Court Judgment
          In its last issue, Armtech argues the federal judgment against it is effectively paid
with credits


 and Armtech’s 2003 crop year refund claim. We overrule the issue.
          Under the authorities Armtech has cited, a judgment debtor resisting recognition of
a foreign judgment properly filed under the UEFJA may collaterally attack the judgment by
establishing one of the recognized exceptions to the mandates of the Full Faith and Credit
Clause. See, e.g., Reading & Bates, 976 S.W.2d at 713.


 But its collateral attack may not
set up a defense that goes to the merits of the original controversy. Russo, 105 S.W.3d at
46. The federal district court expressly rejected Armtech’s effort to litigate its 2003 refund
claim and set it off against the Hamiltons’ 2004 crop loss claim. That is made clear by the
federal court’s December 2007 order denying Armtech’s motion to stay execution of its
judgment, in which the court stated, “[T]he argument that the 2004 claim could not properly
be resolved without simultaneous consideration of the 2003 claim was considered and
rejected by the arbitrator, in the first instance, and in the [federal district court’s] October 25,
2007, order confirming the 2004 award. Armtech’s position remains unfounded for the
reasons set forth in that order.” 
          The federal district court further expressly determined, in its October 25, 2007 order,
that there was “no just reason for delay” in issuing a judgment for the Hamiltons for their
2004 crop loss. In this context, Armtech’s effort to use its unadjudicated 2003 refund claim
as a set off to that judgment in Lubbock County is simply an effort in different clothes to re-litigate questions the federal district court resolved against Armtech. It is a defense going
to the merits of the original controversy, which the Lubbock County district court could not
entertain. 
           Having overruled Armtech’s issues, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice