

# NUMBER 13-18-00252-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THOMAS J. GESSWEIN,                                            **Appellant,**

**v.**

SHARON L. GESSWEIN,                                          **Appellee.**

## On appeal from the County Court at Law No. 6
## of Hidalgo County, Texas.

# OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Opinion by Justice Rodriguez**

Pro se appellant Thomas J. Gesswein appeals the denial of his special appearance in a suit filed by his former wife, appellee Sharon L. Gesswein. By what we construe as two issues, Thomas argues that the trial court lacked personal jurisdiction over him and, therefore, the court could not confirm an Illinois judgment in favor of Sharon. We affirm.

## I. BACKGROUND

On August 21, 2017, Sharon filed a petition to enforce a foreign judgment in Hidalgo County, Texas. The judgment, which was issued by an Illinois court, provided that Thomas owed Sharon $38,787.62 in unpaid spousal maintenance (hereinafter "the Judgment"). Sharon prayed that the Texas court domesticate and enforce the Judgment.

Citation was issued in September of 2017 but was returned as undeliverable. Sharon filed a motion for substitute service. Attached to the motion was an affidavit by the process server stating that he had visited Thomas's address in Hidalgo County multiple times, that he had seen a man who he believed to be Thomas, but that Thomas avoided him in order to thwart service of process.[1]

The judge granted substitute service, authorizing Sharon to serve Thomas by sending the citation to his Texas residence through certified mail and leaving it at his residence. Citation was again returned as undeliverable, with the handwritten notation that Thomas "No Longer Resides Here."

---

[1] Specifically, the process server explained:

Then on October 19, 2017, I, Eduardo Saenz, returned to Mr. Gesswein's residence. Upon my arrival . . . I proceeded to honk and saw that someone unknown was looking outside through the door leading into garage. Then approximately five minutes later, the door opened and a white male that fit Mr. Thomas Gesswein's description came outside and proceeded to sit in a chair out looking the driveway. I exited my vehicle and went up to the gate and called out his name. He turned towards me and at that time an unidentified lady came out and approached the fence. I explained to her that I was looking for Mr. Thomas Gesswein, and she stated that he wasn't there. I then told her that I was pretty sure that gentleman there by the garage was Mr. Gesswein because when I called his name he turned and looked towards me. She then stated, "well he can't come over here because he is very ill," and if I could come back tomorrow, the 20th at 5 pm. I agreed, and I asked for her name and she refused to give it to me and walked off. While conversing with the unknown lady, the gentleman walked back into the home.

On November 27, 2017, Thomas filed a "Notice of Address," stating that he no longer lived at his "wife's address" in Texas where Sharon was "trying to serve" him. He explained that he instead lived in San Diego, California.

Thomas filed a special appearance in which he argued he was no longer a Texas resident or amenable to service of process in Texas. Thomas also contended that he did not have minimum contacts with Texas sufficient to justify the state's exercise of personal jurisdiction over him. Attached to Thomas's special appearance was a California driver's license showing that Thomas's current address was in California. The driver's license was issued on December 12, 2017.

On February 14, 2018, Sharon filed the process server's return, in which the server affirmed that he had served Thomas with a copy of the citation, the petition, and the order permitting substitute service.

In March of 2018, Sharon filed an "advisement" explaining that substitute service of process had been achieved via certified mail and by placing citation at the last known residence, as ordered by the trial court.

In April of 2018, the trial court held a hearing on Thomas's special appearance. No evidence was introduced. Thomas did not deny that he had received substitute service. Instead, he argued that he did not have sufficient contacts with Texas to justify the trial court's exercise of personal jurisdiction over him.

The trial court denied the special appearance. Thomas appeals.

## II. DISCUSSION

By his first and second issues, Thomas argues that the Hidalgo County court erred in denying his special appearance because the court lacked personal jurisdiction over

him.  Thomas attacks personal jurisdiction in two ways:  (1) he contends that a Texas court could not exercise personal jurisdiction over him because he did not have minimum contacts with Texas sufficient to satisfy due process, and (2) he asserts that there is no pleading or evidence to demonstrate that Sharon properly served him with citation.

Sharon responds that Thomas has misapprehended the nature of a suit to domesticate a foreign judgment.  Sharon argues that the only issue is whether the *issuing* court in Illinois properly exercised personal jurisdiction over Thomas, and that whether a Texas court establishes personal jurisdiction over Thomas consistent with due process is immaterial.  As we explain, we agree with Sharon.

## A.    Standard of Review & Applicable Law

We review a trial court's order on a motion contesting a foreign judgment's enforcement for an abuse of discretion.  *Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 723 (Tex. App.—Fort Worth 2018, no pet.); *see Ward v. Hawkins*, 418 S.W.3d 815, 824 (Tex. App.—Dallas 2013, no pet.).

The United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state.  U.S. CONST. art. IV, § 1.  Enforcement of foreign judgments in Texas is governed by the Uniform Enforcement of Foreign Judgments Act (UEFJA).  TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008 (West, Westlaw through 2017 1st C.S.); *Ward*, 418 S.W.3d at 821.  An authenticated foreign judgment filed under the UEFJA is treated "in the same manner as a judgment of the court in which the foreign judgment is filed . . . ."  TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b); *Jahan*, 545 S.W.3d at 718.  The foreign judgment has the same effect as a judgment of the court in which it is filed, and is subject to the same

procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a domestic judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c); *Jahan*, 545 S.W.3d at 718. Thus, the filing of the foreign judgment comprises both a plaintiff's original petition and a final Texas judgment. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996) (per curiam); *Brown's Inc. v. Modern Welding Co.*, 54 S.W.3d 450, 453 (Tex. App.—Corpus Christi 2001, no pet.).

When a judgment creditor files an authenticated copy of a foreign judgment pursuant to the UEFJA, a prima facie case for its enforcement is presented. *Jahan*, 545 S.W.3d at 719; *Ward*, 418 S.W.3d at 821. The burden then shifts to the judgment debtor to prove that the foreign judgment should not be given full faith and credit. *Peters v. Top Gun Exec. Grp.*, 396 S.W.3d 57, 61 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Brown's*, 54 S.W.3d at 453–54. The presumption of the foreign judgment's validity can be overcome only by clear and convincing evidence. *Peters*, 396 S.W.3d at 61; *Ward*, 418 S.W.3d at 822.

A judgment debtor can meet this burden by proving one of several exceptions to full faith and credit.[2] *Peters*, 396 S.W.3d at 61. Here, the most pertinent exception to full faith and credit is that the rendering state lacked jurisdiction. *See id.* A defendant may challenge the personal jurisdiction of a rendering state by demonstrating that (1) service of process was inadequate under the rules of the rendering state or (2) the

---

[2] There are five well-established reasons to deny a foreign judgment full faith and credit: (1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the rendering state's law; (3) the rendering state lacked jurisdiction; (4) the foreign judgment was secured by extrinsic fraud; and (5) the period for enforcing the foreign judgment in Texas has expired under civil practice and remedies code section 16.066. *Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 719 (Tex. App.—Fort Worth 2018, no pet.); *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 903 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

rendering state's exercise of personal jurisdiction offends due process, such as where the defendant lacks minimum contacts with the rendering state. *See Brown's*, 54 S.W.3d at 454.

## B.      Challenge to Texas Minimum Contacts

Sharon submitted a facially valid foreign judgment to the trial court pursuant to the UEFJA, and she thereby presented a prima facie case for enforcement of the Judgment. *See Jahan*, 545 S.W.3d at 719. The burden shifted to Thomas to introduce clear and convincing evidence that the Judgment should not be given full faith and credit. *See Peters*, 396 S.W.3d at 61; *Brown's*, 54 S.W.3d at 453–54. To establish an exception to full faith and credit, it was Thomas's burden to "challenge the jurisdiction *of a sister state* by demonstrating that (1) service of process was inadequate under the rules *of the sister state*; or (2) the *sister state's* exercise of in personam jurisdiction offends the due process of law." *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 n.6 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (sub. op.) (emphasis added). But Thomas introduced no evidence that the Illinois court which issued the Judgment lacked personal jurisdiction over him, either through deficits in minimum contacts or service. *See id.*

Thomas instead attacked the personal jurisdiction of the Texas court where Sharon filed her enforcement action.[3] By his first issue, Thomas argues that a Texas court could not validly assert personal jurisdiction over him because he did not have minimum

---

[3] Thomas's arguments concerning the Texas court's lack of jurisdiction do nothing to undermine the authority of the issuing court in Illinois: "We know of no rule supporting the conclusion that the jurisdiction of a court of a sister state is affected by the action of a Texas court." *Layton v. Layton*, 538 S.W.2d 642, 646 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (upholding enforcement of foreign judgment for unpaid alimony).

contacts with Texas. Thomas cites no authority allowing a defendant to avoid a foreign judgment by attacking the defendant's minimum contacts with the enforcing state. We find the opposite to be true.

Abundant federal authority holds that the defendant need not have minimum contacts with the state being asked to enforce a foreign judgment. *See*, *e.g.*, *Shaffer v. Heitner*, 433 U.S. 186, 210 n.36 (1977). "In an action to execute on a judgment, due process concerns are satisfied, assuming proper notice, by the previous rendering of a judgment by a court of competent jurisdiction." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010); *see Smith-Barney, Inc. v. Ekinci*, 116 F.3d 464, *1 (1st Cir. 1997) (per curiam) (affirming *Smith Barney, Inc. v. Ekinci*, 937 F. Supp. 59, 61 (D. Me. 1996)) (endorsing the district court's view that the minimum contacts requirement is not applicable to the enforcing state); *Smith v. Lorillard, Inc.*, 945 F.2d 745, 746 (4th Cir. 1991) (similar). In cases under the UEFJA, the enforcing court's responsibilities are dictated not by the Due Process Clause and its minimum contacts requirement, but by a separate segment of the U.S. Constitution: the Full Faith and Credit Clause. *See* U.S. CONST. art. IV, § 1.

Similarly, at least one Texas court has rejected attempts to attack an enforcing court's personal jurisdiction in cases under the analogous Uniform Foreign Country Money-Judgment Recognition Act.[4] *See Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476, 479 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). "[A]lthough a judgment debtor may contest recognition by arguing that the *foreign-country*

---

[4] Current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 36a.001–.008 (West, Westlaw through 2017 1st C.S.).

*court* lacked personal jurisdiction over the judgment debtor, the judgment debtor may not assert that the court of the state in which the judgment is filed does not have in personam jurisdiction over the judgment debtor." *Id.* (emphasis in original). The court reasoned by analogy to cases under the UEFJA: once a state court with jurisdiction over the parties renders judgment, there is no problem in the creditor enforcing the judgment in another state, even if the debtor is not subject to personal jurisdiction in that state. *Id.* at 480.

A defendant may not defeat an enforcement action under the UEFJA on the basis that the defendant lacks minimum contacts with the state of the enforcing court. Accordingly, Thomas's argument that he did not have minimum contacts with Texas is of no consequence here.

We overrule Thomas's first issue.

## C. Challenge to Service in Texas

As we understand his second issue, Thomas asserts that Sharon was required to plead the manner in which she was going to serve him with process, and she failed to meet this pleading burden. He also contends that even if Sharon had pleaded her method of service, he conclusively refuted any such allegation by adducing evidence that he no longer lived in Texas.

However, we find no defects in the way Sharon pleaded or achieved service of process. Service of citation operates to give the court jurisdiction over the defendant and to give the defendant an opportunity to appear and defend. *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.); *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ). In her petition, Sharon

pleaded, "Petitioner requests citation and service for Respondent Tomas J. Gesswein [sic] and can be served at the following last known address: 5513 S. Cesar Chavez Rd., Edinburg, Texas 78542 or wherever he may be found. (Exhibit 'D')." The attached exhibit D was an affidavit in which Sharon averred that Thomas's last known address was 5513 South Cesar Chavez Road. Citation issued to that address, and the record indicates that the trial court validly authorized substitute service after multiple attempts to serve Thomas at that address were thwarted by his evasiveness. *See* TEX. R. CIV. P. 106(b). The process server's return reflects that he achieved substitute service in the manner prescribed by the trial court, and Sharon confirmed this fact with a notice describing the method of service. *Id.* R. 107(f). Thomas's attack on Sharon's service of process is without merit.

We overrule Thomas's second issue.

### III. CONCLUSION

We affirm the trial court's denial of Thomas's special appearance.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
18th day of October, 2018.

9