

# NUMBER 13-21-00270-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DALE A. SCOGGINS AND
ALVIN E. NELSON JR.,                                          Appellants,

v.

NATIVE COMMUNITY CAPITAL,                                     Appellee.

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellee Native Community Capital (Native) is a bank based in Tempe, Arizona, and appellants Dale A. Scoggins and Alvin E. Nelson Jr. reside in Abilene, Texas. Native obtained a judgment against appellants in a Maricopa County, Arizona court and filed the judgment in Hidalgo County, Texas pursuant to the Texas Uniform Enforcement of

Foreign Judgments Act (UEFJA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003. Appellants filed a motion for new trial arguing that venue was improper in Hidalgo County and the judgment was not properly authenticated, so the judgment should not be given full faith and credit. *See* U.S. CONST. art. IV, § 1. The motion was overruled by operation of law and appellants now raise the same issues on appeal. For the following reasons, we affirm.

## I. UEFJA[1]

"The United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state." *Gesswein v. Gesswein*, 566 S.W.3d 34, 38 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied) (citing U.S. CONST. art. IV, § 1). "Under this principle, Texas is required to enforce a valid judgment from another state." *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (op. on reh'g). Texas law provides two methods by which to enforce a foreign judgment in the state. First, a judgment creditor may file the judgment under the UEFJA, "which establishes a procedure for enforcing a foreign judgment by merely filing an authenticated copy of the judgment with the clerk of any court in Texas with competent jurisdiction." *Brown's Inc. v. Modern Welding Co.*, 54 S.W.3d 450, 453 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a) ("A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state.").

---

[1] Native did not file a brief to assist us in the resolution of this appeal.

Alternatively, a judgment creditor may file a common law enforcement action, which maintains the same character as any other civil proceeding—meaning "the judgment creditor, as plaintiff, initiates the action[;] the judgment debtor, as defendant, can assert his defenses[;] and an appealable judgment results." *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 902 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 35.008 ("A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under this chapter.").[2]

When, as here, a judgment creditor proceeds under the UEFJA, the filing of a foreign judgment with the clerk of the court "partakes of the nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ); *see Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996) (per curiam). The foreign judgment is treated "in the same manner as" and "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(b), (c); *see Tammy Tran Att'ys at Law, LLP v. Spark Funding, LLC*, 634 S.W.3d 311, 314–15 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) ("The judgment debtor may use any procedural device for reopening, vacating, or staying the judgment that any

---

[2] *See also* James P. George, *Enforcing Judgments Across State and National Boundaries: Inbound Foreign Judgments and Outbound Texas Judgments*, 50 S. TEX. L. REV. 399, 421–22 (2009) (noting that: (1) in a common law enforcement action, the judgment creditor files suit and will usually then immediately move for summary judgment raising the foreign judgment for issue or claim preclusion purposes; and (2) a common law action is usually brought when a judgment creditor requires additional parties to the suit).

post-judgment debtor is allowed.").

"When a judgment creditor files an authenticated copy of a foreign judgment pursuant to the UEFJA, a prima facie case for its enforcement is presented. The burden then shifts to the judgment debtor to prove that the foreign judgment should not be given full faith and credit." *Gesswein*, 566 S.W.3d at 38 (citations omitted). "The presumption of the foreign judgment's validity can be overcome only by clear and convincing evidence." *Id.* To meet that burden, the judgment debtor must prove one of the exceptions to the full faith and credit requirement. *Id.*

> There are five well-established reasons to deny a foreign judgment full faith and credit: (1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the rendering state's law; (3) the rendering state lacked jurisdiction; (4) the foreign judgment was secured by extrinsic fraud; and (5) the period for enforcing the foreign judgment in Texas has expired under civil practice and remedies code [§] 16.066.

*Id.* at 38 n.2; *see Mindis Metals*, 132 S.W.3d at 484; *Brown*, 124 S.W.3d at 903. In undertaking a collateral attack on a foreign judgment, however, "no defense may be set up that goes to the merits of the original controversy." *Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied).

## II.    APPELLANTS' VENUE CHALLENGE

By their first issue, appellants argue that Native improperly filed the Arizona judgment in Hidalgo County because neither the claims nor the parties "have any connection to Hidalgo County." They continue, "Since venue is lacking, the purported foreign judgment should be rejected." Appellants base their argument entirely on the Houston Fourteenth Court of Appeals' opinion in *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731 (Tex. App.—Houston [14th Dist.] 2008, pet. denied), which held that a

judgment creditor's filing under the UEFJA is subject to the Texas venue statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002(a); 35.003(a). We conclude that the facts in *Cantu* are distinguishable and thus overrule appellants' first issue.

## A.     Standard of Review

A motion contesting enforcement of a foreign judgment operates as a motion for new trial. *Ward v. Hawkins*, 418 S.W.3d 815, 824 (Tex. App.—Dallas 2013, no pet.). "A trial court has broad discretion in ruling on a motion for new trial, and we may not disturb its ruling absent an abuse of discretion." *Id.*; *see Gesswein*, 566 S.W.3d at 38.

## B.     *Cantu v. Howard S. Grossman, P.A.*

In *Cantu*, appellee Grossman obtained two judgments against appellant Cantu in a Florida court and filed them in Harris County, Texas under the UEFJA. *Cantu*, 251 S.W.3d at 734. In response, Cantu filed a "Motion to Transfer Venue, and, Subject Thereto, Motion for New Trial," and "Alternatively, [a] Motion for Denial of Recognition of Foreign Judgment." *Id.* The trial court denied the motions, and Cantu appealed, arguing as to the former motion that venue was only proper in Hidalgo County, where he resided, and seeking a transfer of the cause to Hidalgo County. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a). In so arguing, Cantu contended that the UEFJA is silent on venue, and so the court should apply general venue principles. *Cantu*, 251 S.W.3d at 734. By contrast, Grossman claimed that under the UEFJA, the Florida judgments may be—and were—properly filed in "the office of the clerk of any court of competent jurisdiction" in Texas. *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a)). Grossman asserted that venue was thus proper in any such court. *Id.*

5

In an issue of first impression, the divided Houston court, "[a]fter considering the purpose of the [UEFJA] and the interpretation of similar statutes by other states," concluded that the UEFJA is silent on venue and the general venue statute applies to UEFJA proceedings.[3] *Id.* Accordingly, the court reversed the trial court's judgment with instructions to transfer the cause to Hidalgo County. *Id.* Finding it dispositive, the court in *Cantu* only addressed the trial court's denial of Cantu's motion to transfer venue—it explicitly did not reach Cantu's remaining issue of whether the Florida judgments should be denied full faith and credit. *Id.*

## C.    Analysis

We do not decide here whether the Texas venue statute applies to UEFJA filings because, even if it did, appellants' venue argument fails. In *Cantu*, Cantu filed a motion seeking to transfer venue from Harris County to Hidalgo County. *See id.* The Houston court ultimately concluded that the motion should have been granted, and the cause transferred. *See id.* By contrast, appellants here have never requested a transfer of venue. Instead, pointing only to *Cantu*, they asked the trial court and now ask this Court to reject Native's Arizona judgment and deny it full faith and credit based on the venue in which Native filed the judgment. But the court in *Cantu* never decided whether a foreign judgment can be denied full faith and credit based on improper venue, *see id.*, and

---

[3] *Cantu* was decided over a dissent and contrary authority in a preceding unpublished opinion from our sister court in Dallas. *See Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (Frost, J., dissenting) (concluding that a UEFJA proceeding is not a "lawsuit" subject to Texas' venue statute); *Moncrief v. Harvey*, No. 05-90-01116-CV, 1991 WL 258684, at *2 (Tex. App.—Dallas Nov. 26, 1991, writ denied) (not designated for publication) (concluding that the judgment debtor could not challenge a UEFJA filing for improper venue because the UEFJA gave the judgment debtor "all those defenses and proceedings for reopening, vacating, or staying a judgment that they can bring *post-judgment*," but venue is a pre-trial matter).

appellants have not cited any authority establishing that it can, *see* TEX. R. APP. P. 38.1(i). In any case, as noted, this Court has recognized that "[t]here are five well-established reasons to deny a foreign judgment full faith and credit." *Gesswein*, 566 S.W.3d at 38 n.2; *see also Mindis Metals*, 132 S.W.3d at 484; *Brown*, 124 S.W.3d at 903. Failure to adhere to the Texas venue statute when filing under the UEFJA is not one of those recognized reasons. *See Gesswein*, 566 S.W.3d at 38 n.2; *Mindis Metals*, 132 S.W.3d at 484; *Brown*, 124 S.W.3d at 903; *see also Cantu*, 251 S.W.3d at 754 n.30 (Frost, J., dissenting) ("This court in *Mindis Metals* imposed no burden on the judgment creditor to establish proper venue."). Thus, regardless of whether we adopt the holding in *Cantu*, we cannot grant appellants their requested relief.

Appellee filed the Arizona judgment under the UEFJA, and it is thus presumed valid. *See Gesswein*, 566 S.W.3d at 38. The burden then shifted to appellants to prove by clear and convincing evidence that the judgment should not be given full faith and credit. *See id.* Appellants have not met their burden, and the trial court therefore did not abuse its discretion in denying their motion for new trial.

We overrule appellants' first issue.

### III. FOREIGN JUDGMENT AUTHENTICATION

By their second issue, appellants contend that the Arizona judgment should not be given full faith and credit because it was not properly authenticated. Specifically, they allege the judgment was not signed by the Arizona trial judge.

A foreign judgment must be "authenticated in accordance with an act of congress or a statute of this state." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). "Under the

authority of the full faith and credit clause of the United States Constitution, Congress enacted a statute which dictates the manner of proving the records of judicial proceedings of other states. . . ." *Karstetter v. Voss*, 184 S.W.3d 396, 401 (Tex. App.—Dallas 2006, no pet.) (citing 28 U.S.C. § 1738). Section 1738 provides in part:

> The records and judicial proceedings of any court of any such State . . . shall be proved or admitted in other courts within the United States and its Territories . . . by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

28 U.S.C. § 1738.

Appellants do not dispute that the Arizona judgment is properly authenticated under § 1738—indeed, the judgment certification is signed by the clerk of the relevant Maricopa County superior court confirming that the judgment is the original in the case; the court's seal is affixed to the judgment; the presiding judge signed the certification confirming that the clerk of the court is the duly elected clerk whose official acts are entitled to full faith and credit; and the clerk of the court attested that the presiding judge is who he claims to be. *See id.* Nevertheless, appellants argue that the foreign judgment was not properly authenticated because it was never signed by the Arizona trial judge.

But the relevant judgment here is signed. Stamped on the top left of the Arizona judgment is the following language: "Granted with Modifications" and "***See eSignature page***." A cursory glance at the judgment's signature page shows the electronic signature of Judge Randall Warner dated April 1, 2021. Rule 58(b) of the Arizona rules of civil procedure requires that "all judgments must be in writing and signed by a judge." ARIZ. R. CIV. P. 58(b). An electronically typed signature using the "/s/ Name" format complies with that rule. *See Haywood Sec., Inc. v. Ehrlich*, 149 P.3d 738, 739 (Ariz. 2007).

8

The relevant Arizona judgment provides Judge Warner's signature in precisely that format. We thus find no issue with the judgment and conclude that it was properly authenticated. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a).

We overrule appellants' second issue.

### IV.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
20th day of April, 2023.