# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-50063
Summary Calendar

NINGBO FTZ SANBANG INDUSTRY CO LTD, 62 Changfeng Industrial Zone, Zhonggongmiao Town, Yinzhou District, Ningbo, Peoples Republic of China,

Plaintiff-Appellant

v.

FROST NATIONAL BANK, Care of Mr Stan McCormick, Registered Agent, 100 W Houston Street, San Antonio, Texas 78205,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-585

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ningbo FTZ Sanbang Industry Company, Ltd. ("FTZ") appeals the magistrate judge's grant of Frost National Bank's ("Frost") motion to dismiss. For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

This suit arises out of an international collection dispute. FTZ, a Chinese corporation operating in China, sold goods to an American company. In an effort to collect payment, FTZ contacted China Merchant Bank ("CMB"), another Chinese corporation. In turn, CMB engaged Frost, a bank whose principal place of business is in San Antonio, Texas. FTZ became dissatisfied with the collection efforts and sued both banks in the Ningbo Intermediate People's Court in China. Subsequently, FTZ dismissed its complaint against CMB and proceeded against Frost alone, eventually obtaining a default judgment from the Chinese court. FTZ then sought to enforce that judgment in federal district court under the court's diversity jurisdiction, invoking Texas's Uniform Foreign Country Money-Judgments Recognition Act (" Texas Recognition Act"). Frost moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A magistrate judge heard the suit and granted Frost's motion, dismissing the complaint for failure to comply with the filing requirements of the Texas Recognition Act. FTZ appeals.

## STANDARD OF REVIEW

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004). All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted).

## DISCUSSION

As an initial matter, because this is a diversity suit, this court applies Texas law with respect to the recognition of foreign money-judgments. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999) ("It goes without saying that, for a diversity action, we apply state substantive law."). Accordingly, the Texas Recognition Act controls. *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1004 (5th Cir. 1990). That Act "provides that a foreign country money-judgment which is final, conclusive and enforceable where rendered is enforceable in Texas in the same manner as a judgment of a sister state that is entitled to full faith and credit." *Id.* Under the Texas Recognition Act, a foreign judgment will be recognized if: "(1) the judgment is final, conclusive, and enforceable where rendered; (2) an authenticated copy of the judgment is filed in the judgment debtor's county of residence; (3) notice of the filing is given to the judgment debtor; and (4) none of the defenses provided in [the Texas Recognition Act] apply. *Hernandez v. Seventh Day Adventist Corp., Ltd.,* 54 S.W.3d 335, 336–37 (Tex. App., 2001) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 36.002, 36.004, 36.005, 36.0041–42).

FTZ admits that it failed to meet the statutory requirements of the Texas Recognition Act because it did not and has not provided an authenticated copy of the Chinese default judgment. Nevertheless, the company argues that no such copy is required. Further, FTZ asserts that the magistrate judge erred in her determination that the Chinese judgment was not enforceable because FTZ's complaint failed to sufficiently show that the Chinese court had personal jurisdiction over Frost.

FTZ's arguments are without merit. As previously noted, an authenticated copy of the foreign judgment is required under the Texas Recognition Act. Both the statute itself and Texas courts have reiterated this requirement. TEX. CIV. PRAC. & REM. CODE ANN. § 36.005; *Hernandez,* 54 S.W.3d at 336–37; *Reading & Bates Constr. Co. v. Baker Energy Res.*, 976 S.W.2d 702, 706 (Tex. App., 1998).

Thus, the magistrate judge did not err in determining that FTZ failed to state a claim under the Texas Recognition Act.

As the magistrate judge properly dismissed FTZ's suit for failure to comply with the Texas Recognition Act,[1] we need not address FTZ's jurisdictional argument.

## CONCLUSION

The judgment of the magistrate judge is AFFIRMED.

---

[1] For the first time on appeal, FTZ also argues that the magistrate judge should have reviewed its suit as a common-law action. This argument is not properly before this court as "arguments not raised [below] . . . are waived and cannot be raised for the first time on appeal." *LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).