**GULISTAN CARPET INC., Successor in Interest to JPS Carpet Corp., Appellant,**

v.

**Robert L. PORTER, Appellee.**

**No. 05–97–01151–CV.**

Court of Appeals of Texas, Dallas.

Oct. 20, 1999.

---

Douglas D. Fletcher, Craig L. Reese, Fletcher & Springer, L.L.P., Dallas, for Appellant.

Norman L. Nelson, Richardson, Michael W. Eaton, Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

In this personal injury suit, Gulistan Carpet Inc. (Gulistan) seeks to reverse the no-answer default judgment rendered against its predecessor in interest, JPS Carpet Corporation (JPS). Gulistan first complains the trial court erred in refusing to set aside the default judgment because Gulistan, who was not a named party, did not have notice of the suit. Second, Gulistan argues the trial court should have granted its motion for new trial because it established the necessary *Craddock* [1] elements. For the reasons set forth below, we conclude Gulistan does not have standing to prosecute this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

On August 30, 1995, Robert L. Porter was stopped at a traffic light on Belt Line Road when he was struck from behind by a vehicle owned by JPS and operated by its employee, Brian Anderson. On December 2, 1996, Porter sued JPS and Anderson, alleging he suffered personal

---

1. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

and property damage from the accident. JPS's registered agent was served with the lawsuit and forwarded a copy to JPS. JPS did not file an answer. Anderson was not served.

On January 27, 1997, Porter obtained a no-answer default judgment in the amount of $25,000 against JPS; one month later, he nonsuited Anderson. On March 10, 1997, Porter filed a Notice of Filing of Foreign Judgment in Moore County, North Carolina. The notice asserted that JPS had moved from Texas and "is now Gulistan Carpets."

On April 25, 1997, Gulistan, who was not a named party in the lawsuit, filed a motion to reopen time for appeal and motion for new trial. In the motion and attached affidavits, Gulistan asserted, in essence, that it is liable for the judgment as the successor-in-interest to JPS. Gulistan explained that between the time of the accident and the filing of the suit, it had purchased the assets and assumed the liabilities of JPS. JPS has no active operations, maintains no operations employees, and "is now merely a holding company." Gulistan asserted that it first learned of the lawsuit and default judgment on April 1, 1997, when it received the notice of the filing of a foreign judgment. Gulistan asked the trial court to grant a new trial because (1) its due process rights were violated because it did not have notice of the lawsuit prior to the default judgment and (2) it met the *Craddock* elements. After considering the evidence, the trial court agreed that Gulistan's motion for new trial was timely but denied the motion because Gulistan "failed to satisfy the requirements for the granting of a new trial[.]" This appeal ensued.

■ Before turning to the merits of this appeal, we first address Gulistan's

standing to seek review of a judgment in which it is not a named party. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993) (concluding that standing is essential, unwaivable component of subject matter jurisdiction that may be raised for first time on appeal by parties or by court). Generally, appeal is available only to parties of record. *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Assoc., Inc.*, 1 S.W.3d 108, 110 (1999) (per curiam); *Dear v. Russo*, 973 S.W.2d 445, 448 (Tex. App.-Dallas 1998, no pet.). However, an exception exists when the appellant is deemed to be a party under the doctrine of virtual representation. *Motor Vehicle Bd.*, at 110. To claim virtual representation, an appellant must show that: (1) it is bound by the judgment; (2) privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between appellant and a party to the judgment. *Id.*

■ Here, Gulistan presented evidence that it is the successor in interest to JPS by virtue of an asset transfer agreement.[2] However, the asset transfer agreement does not establish that Gulistan is *bound* by the judgment against JPS, nor can we conclude from the evidence that Gulistan's interests are identical to those of JPS. Here, JPS was served with the lawsuit but did not answer and did not notify Gulistan of the suit. The judgment ordered that Porter recover $25,000 from JPS; it does not name Gulistan as a liable party. Gulistan's obligation, if any, to pay this judgment does not arise from the face of the judgment. To the contrary, any obligation arises from the asset transfer agreement and necessarily depends on the application of contract and other legal

---

**2.** A portion of the agreement was attached to Gulistan's motion for new trial. It provides that Gulistan "shall assume and pay, perform and discharge as and when due all debts, claims, liabilities, obligations, [t]axes, damages and expenses of every kind and nature, whether known, unknown, contingent, absolute, determined, indeterminable or otherwise arising prior to the Closing...."

principles, including the law of successor liability. Under these circumstances, we cannot conclude that Gulistan is (1) bound by the judgment or (2) has interests identical to those of JPS. Consequently, we conclude Gulistan lacks standing to attack the judgment against JPS.

We dismiss the appeal for want of jurisdiction.