

# NUMBER 13-22-00459-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUAN YENELL VAZQUEZ,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Longoria**

Appellant Juan Yenell Vazquez pleaded guilty to assault family violence by impeding the normal breathing and circulation of blood by applying pressure to the complainant's throat or neck or blocking the nose or mouth, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court adjudicated appellant guilty and

placed him on community supervision for a period of five years. The State of Texas moved to revoke appellant's community supervision, alleging seventeen violations of the conditions of his community supervision. At the hearing on the State's motion to revoke, appellant pleaded true to three of the violations. The trial court found that appellant violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to five years' incarceration. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm as modified.

## I. *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014),

appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.   MODIFICATION

In the appellate brief, counsel notes that modification of the judgment may be necessary to correct the cumulation order stacking appellant's sentences. Counsel

3

suggests that, in order to properly cumulate appellant's sentence with one previously imposed in a separate case, the order must include: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction, and (4) the term of years assessed in the prior case. *See Phillips v. State*, 488 S.W.2d 97, 99–100 (Tex. Crim. App. 1972). However, a valid cumulation order need only be sufficiently specific to allow the Texas Department of Criminal Justice (TDCJ) to identify the prior conviction with which the newer conviction is cumulated. *See Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (citing *Ward v. State*, 523 S.W.2d 681, 682–83 (Tex. Crim. App. 1975)). The judgment revoking community supervision states that appellant's five-year sentence "shall run consecutively with: D-1-DC-19-300869." While the judgment contains a unique cause number, it does not specify that the case is out of Travis County, thereby allowing the TDJC to identify the prior conviction. *See id.* This court has the authority to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Herrera v. State*, 546 S.W.3d 922, 929 (Tex. App.—Amarillo 2018, no pet.). Here, the record reflects that the prior conviction was for possession of a prohibited weapon in Travis County. Accordingly, we modify the judgment to state that appellant's five-year sentence "shall run consecutively with: Travis County Cause Number D-1-DC-19-300869." *See Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) ("However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error."); *see also Gaston v. State*, 63

4

S.W.3d 893, 900–01 (Tex. App.—Dallas 2001, no pet.).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment as modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of August, 2024.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.